## STATE v. G. C. CARLSON.[1]

December 13, 1929.

No. 27,834.

*Arthur T. Nelson,* for relator.

*Henry N. Benson,* Attorney General, *Charles E. Phillips,* Assistant Attorney General, and *Hayner N. Larson,* for the state.

PER CURIAM.

The relator was convicted of the crime of grand larceny in the second degree. An order denying a new trial was affirmed by this court. State v. Carlson, 178 Minn. 118, 226 N. W. 206. On the going down of the mandate he applied to the trial court for a modification of the sentence, which was denied. Claiming that his application was denied solely for the reason that the trial court was of the opinion that it had no power to modify the sentence after the expiration of the term at which it was imposed, he brought the matter here by certiorari.

Although it appears that the trial court doubted whether he had jurisdiction to modify the sentence, the record fails to show that the denial was based either wholly or mainly on that ground. But even if based exclusively on that ground, the action of the court was correct. Except where otherwise provided by statute, it is the settled and apparently the universal rule that where the court has imposed a valid sentence it cannot change or modify such sentence after the expiration of the term at which it was im-

[1] Reported in 228 N. W. 173.

posed. Reducing a sentence after the end of the term is considered as in the nature of an exercise of the pardoning power, which is not vested in the courts. While it is said that the court has power to revise and amend a sentence at the same term by increasing or diminishing the penalty, there are certain limitations upon this power. The court cannot change a sentence even at the same term after it has been affirmed by an appellate court. It is also generally held that the court cannot change the sentence even at the same term after it has been partly executed. In some cases however it has been held that after a sentence has been partly executed the punishment may be reduced, although it cannot be increased. The court however has power to postpone the matter of imposing sentence to a subsequent term or to extend the present term for the purpose of imposing sentence. For a citation of cases dealing with the power of courts to change, revise, or modify sentences, see 16 C. J. 1313, §§ 3096, 3097, 3099; 8 R. C. L. 243, §§ 246, 247, 248; Anno. 44 A. L. R. 1203; Anno. 23 A. L. R. 536; 11 Ann. Cas. 298, note.

The action of the trial court was correct, and its order is affirmed and the case remanded.