**UNITED STATES v. WEISS.**
No. 7642.

District Court, E. D. Pennsylvania.
June 1, 1939.

J. Cullen Gancy, U. S. Atty., of Bethlehem, Pa., and J. Lawrence Grim, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

Michael Serody, of Philadelphia, Pa., for defendant.

MARIS, Circuit Judge.

On January 7, 1938 Mendel Weiss was convicted of conspiracy to violate the alcohol tax laws and upon January 14, 1938, after overruling his motion for a new trial, I sentenced him to be imprisoned for two years and to pay a fine of $10,000. He thereupon appealed and was permitted to remain at large upon bail pending the disposition of his appeal. On April 25, 1939, his conviction was affirmed by the Circuit Court of Appeals.

Pending the execution of the mandate of that court the defendant has filed his petition praying for the suspension of the prison sentence and that he be placed on probation. Having been advised of certain extenuating circumstances of his case, I am moved to grant his petition. The term at which the sentence was imposed has long since passed, however, and the question, therefore, arises as to my power to suspend the execution of a defendant's sentence and place him on probation after the expiration of the term at which the sentence was imposed but before its execution has actually commenced.

■ The Probation Act of 1925, 18 U.S.C. § 724, 18 U.S.C.A. § 724, provides that "The courts of the United States having original jurisdiction of criminal actions, * * * shall have power, after conviction * * * for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best. * * *"

It will be observed that the power to suspend the execution of sentence given by the act is not expressly limited to the time of imposition of sentence or to the term within which sentence is imposed. On the contrary it seems clear that it was the intention of the Congress in enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced. It has been so held by all four Circuit Courts of Appeals in which the question has arisen. Nix v. James, 9 Cir., 7 F.2d 590; Kriebel v. United States, 7 Cir., 10 F.2d 762; Evans v. District Judge, 6 Cir., 12 F.2d 64; Ackerson v. United States, 2 Cir., 15 F.2d 268. It is true that the Supreme Court held in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, that the power is gone once execution of the sentence commences. It was not suggested in that case, however, that the power must be exercised at the time of imposition of sentence or within the term. On the contrary Chief Justice Taft took occasion to point out that the rulings of the four Circuit Courts of Appeals to which I have referred were not inconsistent with his opinion.

■ It must be remembered, as Judge Anderson pointed out in Kriebel v. United States, supra, that the rule laid down in United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16, 59 L.Ed. 129, to the effect that a federal district court has no power to set aside or alter a sentence after the expiration of the term at which it was imposed, unless the proceeding for that purpose was begun during that term, does not apply to an application to suspend the execution of a judgment. This is for the reason, as was held in United States v. Pile, 130 U.S. 280, 9 S.Ct. 523, 32 L.Ed. 904, that an order suspending the execution of a sentence does not operate to set it aside. Under such circumstances the sentence remains in full force, its execution merely being suspended.

I conclude that this court has power at this time to suspend the execution of the defendant's sentence and to place him upon probation. An order will accordingly be entered suspending the execution of his sentence of imprisonment and placing him upon probation for the period of five years, a condition of his probation to be that he pay his fine of $10,000 on or before June 3, 1939.