## PERNATTO v. UNITED STATES.

### No. 7202.

Circuit Court of Appeals, Third Circuit.

Nov. 15, 1939.

## PER CURIAM.

Joseph Pernatto was convicted in the District Court for the District of New Jersey on a charge of conspiracy to violate the alcohol tax laws and was sentenced to imprisonment. The judgment of conviction and sentence was entered July 1, 1938. Upon appeal the judgment was affirmed by this court. 104 F.2d 427. After the mandate of this court had come down and pending its execution he petitioned the District Court to suspend the execution of his sentence and to place him upon probation. The petition was filed long after the expiration of the term at which he was sentenced.

The District Court denied the petition for the reason and only for the reason, as stated in its order, that it was without jurisdiction or power to entertain or hear it or to admit the defendant to probation. In so holding the court clearly erred. In United States v. Weiss, 28 F.Supp. 598,

one of the judges of this court, sitting in the District Court for the Eastern District of Pennsylvania, said (28 F.Supp. at page 599):

"The Probation Act of 1925, 18 U.S.C. § 724, 18 U.S.C.A. § 724, provides that 'The courts of the United States having original jurisdiction of criminal actions, * * * shall have power, after conviction * * * for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best. * * *'

"It will be observed that the power to suspend the execution of sentence given by the act is not expressly limited to the time of imposition of sentence or to the term within which sentence is imposed. On the contrary it seems clear that it was the intention of the Congress in enacting this remedial and humanitarian legislation that the power to suspend the execution of a sentence should continue until its execution has actually commenced. It has been so held by all four Circuit Courts of Appeals in which the question has arisen. Nix v. James, 9 Cir., 7 F.2d 590; Kriebel v. United States, 7 Cir., 10 F.2d 762; Evans v. District Judge, 6 Cir., 12 F.2d 64; Ackerson v. United States, 2 Cir., 15 F.2d 268. It is true that the Supreme Court held in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, that the power is gone once execution of the sentence commences. It was not suggested in that case, however, that the power must be exercised at the time of imposition of sentence or within the term. On the contrary Chief Justice Taft took occasion to point out that the rulings of the four Circuit Courts of Appeals to which I have referred were not inconsistent with his opinion.

"It must be remembered, as Judge Anderson pointed out in Kriebel v. United States, supra, that the rule laid down in United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, to the effect that a federal district court has no power to set aside or alter a sentence after the expiration of the term at which it was imposed, unless the proceeding for that purpose was begun during that term, does not apply to an application to suspend the execution of a judgment. This is for the reason, as was held in United States v.

Pile, 130 U.S. 280, 9 S.Ct. 523, 32 L.Ed. 904, that an order suspending the execution of a sentence does not operate to set it aside. Under such circumstances the sentence remains in full force, its execution merely being suspended."

For the reasons thus set forth in United States v. Weiss, supra, we conclude that the District Court did have jurisdiction and power, at any time before the execution of the appellant's sentence had actually commenced, in its discretion to suspend the execution of his sentence of imprisonment and to place him upon probation even though the term at which the judgment was entered had passed and this court had issued its mandate affirming that judgment.

The order is reversed and the District Court is directed to hear and dispose of the appellant's petition upon its merits.