**UNITED STATES v. EDELSON.**

**Cr. Nos. 8957, 9180.**

United States District Court
M. D. Pennsylvania.
April 20, 1950.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for petitioner.

Carl Edelson, pro se.

WATSON, Chief Judge.

This is a motion to Correct Illegal Sentence filed under the provisions of 28 U.S.C.A. § 2255 by Carl Edelson. An answer was filed by the United States and, pursuant to an order of this Court, both parties have filed briefs.

From the records and the pleadings it appears that Carl Edelson, petitioner, was sentenced by Judge Johnson in this Court on May 6, 1936, in Case No. 9180, for a term of one year and one day on each of four counts, to run consecutively, and to commence at the expiration of a sentence by the District Court for the Southern District of New York, which petitioner was serving at that time; and was sentenced in Case No. 8957 for a term of one year and one day, to run consecutively with the sentence imposed in Case No. 9180, and to be served after said sentence in Case No. 9180 had been completed.

On July 14, 1936, a petition was filed by Edelson and his mother, Gussie Edelson, for re-hearing, for the purpose of having sentence reconsidered. On August 28, 1936, Judge Johnson filed an opinion and order, In re Edelson, D.C., 15 F.Supp. 1086, 1087, directing that petitioner be produced for a hearing to determine whether he should be granted probation, having decided in the opinion that the Court had the power under the Probation Act of 1925, 18 U.S.C.A. § 724 et seq., now revised as 18 U.S.C.A. § 3651 et seq., to grant probation at that time. On September 30, 1936, Judge Johnson suspended execution of the sentence imposed on petitioner on May 6, 1936, in Case No. 9180, and placed petitioner on probation for five years to commence at such time as the service of this sentence, as originally imposed, would have commenced; and also suspended execution of the sentence imposed on petitioner on May 6, 1936, in Case No. 8957, and placed petitioner on probation for five years to commence at the same time as the period of probation imposed in Case No. 9180.

On January 8, 1940, after stating that hearing had been held in open court; that petitioner was present at said hearing; that petitioner waived his right to counsel; that complaint had been filed against petitioner by the Probation Officer charging violation of probations; and that the Court found the charge of violation of probations sustained, namely, that petitioner had been arrested, tried and convicted on a plea of guilty in the District Court for the Southern District of New York, and sentenced to a term of six years for using the mails to defraud, Judge Johnson revoked the orders placing

petitioner on probation in Case No. 9180 and in Case No. 8957. On the same day, January 8, 1940, petitioner was sentenced by Judge Johnson in Case No. 9180 for a term of one year and one day on each of the first four counts, to run consecutively, and one year and one day on Count Five, and one year and one day on Count Six, to run concurrently with each other and concurrently with the sentences imposed under the first four counts, and to commence at the expiration of any other sentence petitioner was then serving, or which had theretofore been imposed upon him, including the sentence imposed upon petitioner in the District Court for the Southern District of New York; and was sentenced in Case No. 8957 for a term of one year and one day, to run consecutively with the sentence imposed in Case No. 9180, and to commence at the expiration of the sentence petitioner was then serving and which was imposed in the District Court for the Southern District of New York.

Petitioner prays for leave to offer evidence and briefs and for an order and judgment vacating and holding for naught the sentence imposed on January 8, 1940, for the following reasons: (1) the order of September 30, 1936, which suspended the execution of sentences theretofore imposed in Case No. 9180 and in Case No. 8957, and placed petitioner on probation, was invalid because the term in which said sentences were imposed had expired at the time of the order, and because the petitioner had already commenced the service of said sentences, and, therefore, the Court had no authority, on January 8, 1940, to revoke his probation and reimpose the original sentences; and (2) petitioner was denied the right to examine the petition of the Probation Officer charging violation of probations and the right to obtain counsel on January 8, 1940, when his probations were revoked and his original sentences reimposed. Petitioner, in his brief, contends that the revocation of probations and the sentences imposed on January 8, 1940 were invalid for the additional reason that on that date his period of probation under the Court's orders of September 30, 1936 had not yet commenced.

Petitioner's first contention has been before the Courts on two previous occasions. Before ordering petitioner's probation, Judge Johnson, in Re Endelson, supra, stated, inter alia: "Under the Probation Act, the court has the power to grant probation even after the expiration of the term at which the defendant was sentenced, provided the defendant has not begun service of the sentence. Nix v. James, 9 Cir., 7 F.2d 590; Kriebel v. United States, 7 Cir., 10 F.2d 762. It appears that the defendant is now serving the sentence imposed by the District Court for the Southern District of New York, and therefore has not commenced service of the sentence imposed by this court." In the recent case of United States ex rel. Edelson v. Thompson, Warden, 1949, 175 F.2d 140, 141, the United States Court of Appeals for the Second Circuit, stated, inter alia: "In United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, the Supreme Court held that the power of United States courts under the Probation Act of 1925, supra, to suspend the execution of sentence, was limited to its exercise during the period before the term of sentence had begun. * * * It must follow a fortiori from these precedents that separate sentences imposed on separate indictments at different times in nonadjacent districts of different circuits cannot be combined to bring them under the rule of the Murray case. We therefore agree with Judge Medina in his reasoned opinion * * * upholding this order of the District Court in Pennsylvania." I agree with the reasoning and result of these opinions and feel that there is no merit in petitioner's first contention. Further, it appears from the records that petitioner specifically requested, by petition filed July 14, 1936, this Court to suspend the execution of the sentences imposed in Case No. 8957 and in Case No. 9180 and to place him on probation. By this request and consent to the suspension of sentences and to probation, petitioner waived any right he may have had to commence the service of sentences imposed on May 6, 1936. U. S. ex rel. Grossberg v. Mulligan, Acting U. S. Marshal, 2 Cir., 1931, 48 F.2d 93.

Petitioner also alleges denial of rights at the hearing on January 8, 1940, at which time his probation was revoked. It appears from the records that petitioner was present at the hearing, waived his right, if any, to counsel, and did not then and does not now contest the charge of violation of probations; namely, that he had been arrested, tried and convicted on a plea of guilty in the District Court for the Southern District of New York and sentenced to a term of six years for using the mails to defraud. Petitioner now contends the revocation orders and the resentencing were invalid because he was denied the right to examine the petition of the Probation Officer charging violation of probations and the right to obtain counsel. In Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266, the United States Supreme Court stated, inter alia: "The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." Under the facts surrounding this hearing for revocation of probations, petitioner was not deprived of any constitutional right because he was not furnished with counsel, particularly where he had waived his right to counsel. Gillespie v. Hunter, Warden, 10 Cir., 1947, 159 F.2d 410; and Bennett v. United States, 8 Cir., 1947, 158 F.2d 412. Petitioner's contentions in this respect are without merit.

Petitioner also contends that the revocation of probations and the sentences imposed on January 8, 1940 are invalid because, on that date, his period of probation had not yet commenced. From the records of this Court it is not clear whether petitioner had commenced probation under this Court's order prior to January 8, 1940, or whether he had been under the sentence of the District Court for the Southern Disrtict of New York prior to that date. In either event, this Court had the power to revoke its orders of September 30, 1936, placing petitioner on probation. An order placing petitioner on probation existed from September 30, 1936, and the power to revoke that order was not affected whether or not petitioner had commenced service of the probation.

The files and records of the cases and the allegations in petitioner's motion conclusively show that he is entitled to no relief. No purpose would be served by a hearing on the motion.

Now, April 20, 1950, the motion of Carl Edelson to Correct Illegal Sentence is denied.