## STATE EX REL. LYLE BENNETT v. DOUGLAS C. RIGG.

102 N. W. (2d) 17.

March 4, 1960—No. 37,878.

*Lyle Bennett,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the Minnesota State Prison.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order denying relator's petition for a writ of habeas corpus. Relator contends that a judgment of conviction and sentence by the District Court of Kanabec County on January 16, 1956, constituted a denial of his constitutional rights to due process and equal protection of law in that he was first sentenced to a term of from 2 to 10 years imprisonment and subsequently, without such judgment or sentence being vacated, sentenced to a term of from 2 years to life imprisonment for the same offenses.

Relator was indicted in Kanabec County for the offense of grand larceny in the second degree. On January 11, 1956, he entered a plea of guilty to this charge. Counsel was appointed to represent him, fol-

lowing which he was arraigned and examined under oath. At the close of this examination, the county attorney for Kanabec County filed an information charging him with six previous felony convictions. This was read to him and he was advised by the court as to his rights therein. He was then given an opportunity to confer with his counsel and subsequently entered a plea of "not guilty" to the prior convictions. Time for trial thereon was fixed for June 12, 1956, but on January 16, 1956, the matter again came on for hearing and at that time defendant, who was still represented by counsel, changed his plea from "not guilty" to "guilty." Sentence was then imposed as follows:

"THE COURT: You will listen to the sentence as the Court will impose it.

"You, Robert Lyle Johnson, having this day acknowledged before this Court by your plea of guilty to the Information filed in this Court on January 11th, 1956, charging you with having on six separate occasions been convicted of crimes in this and other States, which crimes are designated by the laws of this State as felonies.

"IT IS THE SENTENCE OF THE LAW AND THE JUDGMENT OF THIS COURT, That, you, Robert Lyle Johnson, be punished for the crime of Grand Larceny in the Second Degree, to which you have entered a plea of guilty before this Court, by imprisonment in the State Prison at Stillwater, Minnesota, at hard labor for a period of not less than two (2) nor more than ten (10) years.

"You are now in the custody of the Sheriff.

"Just a minute.

"(Whereupon, a discussion between Court and Counsel follows at the bench.)

"THE COURT: The record may show that the Court's attention has been called to the fact that the sentence is not proper under the Statutes.

"THEREFOR, IT IS ORDERED, That the sentence just heretofore imposed is modified to read as follows:

"You, Robert Lyle Johnson, having this day acknowledged before this Court by your plea of guilty to the Information filed in this Court on January 11th, 1956, that you have on prior occasions been con-

victed in this and other States on six crimes designated by the laws of this State as felonies,

"THEREFORE, IT IS THE SENTENCE OF THE LAW AND THE JUDGMENT OF THIS COURT, That you, Robert Lyle Johnson, be punished for the crime of Grand Larceny in the Second Degree, to which you have entered a plea of guilty before this Court, by imprisonment in the State Prison at Stillwater, Minnesota, for an indeterminate sentence as provided for by law; the minimum of which shall not be less than two (2) years, and the maximum thereof thall be for life."

It is relator's contention that the foregoing proceedings indicate that two separate sentences were imposed upon him; and that the first being valid, it would follow that the second must be invalid since the first sentence had not been vacated when the second was imposed. The applicable rule has been set forth by this court on a number of occasions. The most recent decision touching on the question presented is State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239. There, after an information charging a defendant with prior convictions had been filed, a prior sentence imposed was vacated and a new sentence providing for an increased penalty imposed. This court in upholding the validity of the second sentence stated (221 Minn. 143, 21 N. W. [2d] 242):

"The vacation of the prior sentence and the imposition of the new one for the graver offense was done in one proceeding. The two acts of the court were performed almost simultaneously."

The general rule is that a sentence may be modified or amended in form or substance by the trial judge any time during the same term of court in which it is rendered if this is done before a defendant has commenced service of such sentence. By the same token, the trial judge cannot set aside a sentence and impose a new or different sentence which increases the penalty after a defendant has entered upon the execution of a legal sentence. State ex rel. MacMillen v. Utecht, *supra*; State v. Carlson, 178 Minn. 626, 228 N. W. 173; Note, 40 L.R.A. (N.S.) 90; 15 Am. Jur., Criminal Law, § 473.

From the foregoing it seems clear that here the court did not exceed

its authority in sentencing defendant as above described. While it did not expressly state that the first sentence had been vacated, the language actually used clearly indicated that the first sentence was annulled and simultaneously a new sentence imposed with the correct statutory penalty included. This was done at the same term and prior to the time relator commenced serving any part of the first sentence. It must follow that, under the general authority above cited, the trial court at the time still retained jurisdiction and possessed the necessary authority to modify or annul the first sentence and to impose a new one in accordance with the penalties prescribed by statute.

Affirmed.