STATE EX REL. LYLE BENNETT v.
DOUGLAS C. RIGG.

107 N. W. (2d) 707.

February 17, 1961—No. 38,186.

*Lyle Bennett,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

LOEVINGER, JUSTICE.

This is an appeal from a district court denial of a petition for a writ of habeas corpus.

Petitioner challenges the validity of the sentence imposed. Petitioner has, however, previously raised this issue in a habeas corpus proceeding and the determination has been adverse to his contention. State ex rel. Bennett v. Rigg, 257 Minn. 406, 102 N. W. (2d) 17. Whether or not the matter is technically res judicata, see Leith v. Horgan, 13 N. J. 467, 100 A. (2d) 175, 38 A. L. R. (2d) 1440, our prior decision is, nevertheless, a controlling precedent precisely in point, and we will not reexamine the issue.

Petitioner also claims he was afforded inadequate opportunity to confer with counsel following arraignment for prior convictions. At the time of such arraignment he was given 5 minutes to confer with his counsel in the courtroom. He then pleaded not guilty. Thereafter he was in jail for 5 days and then changed his plea to guilty. Although 5 minutes may not be sufficient, petitioner did have adequate opportunity to confer with counsel during the 5-day period preceding his guilty plea. Consequently the brevity of the initial courtroom consultation is not material or prejudicial.

There appear to be elements in petitioner's background that arouse compassion. However, these are considerations for the board of parole or other penological or social agencies. They do not and cannot influence the determination of the legal issues in a habeas corpus proceeding. No substantial legal issues are raised by this appeal.

Affirmed.