## STATE v. WILLIAM RAYMOND PRUITT.

119 N. W. (2d) 32.

December 7, 1962—No. 38,581.

*Joseph Robbie* and *Stewart Perry,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

MURPHY, JUSTICE.

This is an appeal from two orders of the district court denying motions of the defendant to vacate two judgments of conviction.

From the record it appears that on October 1, 1953, the defendant was arraigned in the District Court of Sherburne County on two informations. In one he was charged with escape from a penal institu-

tion; in the other he was charged with grand larceny in the first degree. Upon entry of plea of guilty to the informations, sentence was imposed. He was released after completing service of this sentence. Some time later he was charged with the crime of burglary in Hennepin County. On February 10, 1959, in the District Court of Hennepin County, he entered a plea of guilty to this charge. Before sentence was imposed, an information charging the defendant with the two prior felony convictions was filed pursuant to Minn. St. 610.28 of the Habitual Criminal Act. He entered a plea of guilty to the information charging prior felonies. The sentence thereafter imposed included an increased term because of the prior convictions.

While serving the sentence so imposed, the defendant on March 6, 1961, asked the court by motion to vacate the judgments of conviction of October 1, 1953. This motion was denied April 6, 1961. On May 8, 1961, the defendant renewed the motion, and this motion also was denied August 24, 1961. The defendant seeks to have the convictions of October 1, 1953, vacated so as to avoid service of the increased sentence imposed because of the provisions of the Habitual Criminal Act.

1. Since an order denying a motion to vacate a judgment of conviction is not appealable, this matter is not properly before us for review.[1] The 6-month period for appeal provided by § 632.01 has long since expired.[2] It cannot be revived by repeated motions to vacate the judgment of conviction.

2. We have nevertheless examined the record to determine if there

---

[1] State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517.

[2] We gather from the record that the defendant did not proceed by habeas corpus because at the time these proceedings were started he had not served the maximum sentence which could be imposed for the crime for which he was convicted in Hennepin County and for which he is serving his sentence, and accordingly an attempt to obtain a release based upon invalidity of a prior conviction would be premature. State v. Castle, 260 Minn. 293, 109 N. W. (2d) 593; State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79. Nor can the present proceedings be treated as an application for a writ of coram nobis since we have held that that particular remedy is not available where it is based upon the claim asserted here, inadequacy of counsel. State v. Castle, supra; State v. Tellock, 264 Minn. 185, 118 N. W. (2d) 347.

is any merit to the broad claims of the defendant that he has been denied constitutional rights. The defendant claims that the convictions of October 1, 1953, must be vacated because at the time they were ordered he was not provided with adequate legal representation. In considering this claim we find from the record that on October 1, 1953, after the county attorney had filed the informations charging the defendant with escape and grand larceny, the trial court appointed counsel for him. After counsel was appointed the informations were read and the defendant entered a plea of guilty, after which sentences were imposed. The defendant agrees that at the time of his arraignment he was represented by counsel but claims that he had no time to consult with him; that whatever consultation he had was only of a perfunctory nature; and that immediately after the entry of the plea of guilty he was sentenced without preliminary investigation.

From the affidavit of defendant's mother, Esther Pruitt, who was present in court at the time of her son's arraignment, it appears that she got the impression that the court-appointed attorney "did not understand the circumstances surrounding the offenses charged * * * and that he apparently did nothing" in behalf of the defendant. On the other hand we have before us the affidavit of the court-appointed attorney, John E. MacGibbon, who is now the county attorney of Sherburne County. At the time involved here he was practicing law in Sherburne County, where the St. Cloud Reformatory is located. During the 12-month period ending October 1, 1953, he had represented no less than eight persons charged with the crime of escape from that institution. Prior to consulting with the defendant on the day of the arraignment, he had conferred with the county attorney of Sherburne County with reference to the nature of the offenses with which the defendant was charged. He also interviewed the officials of the St. Cloud Reformatory and was familiar with the circumstances of the defendant's escape from that institution and his subsequent involvement in the grand larceny charge. From his affidavit it appears that although MacGibbon first met defendant in the Sherburne County Court House on the day of arraignment, he nevertheless had an opportunity to discuss the details of the alleged crime prior thereto. The information he received from the defendant confirmed that which was

given to him by the county attorney. He was satisfied from the information received from both defendant and the state enforcement authorities that there was competent evidence to support a conviction on the informations filed. MacGibbon informed the defendant that he would have to assume the responsibility of deciding how he would plead. He was advised of his constitutional right to a jury trial and was told that if he was to enter a plea of not guilty he would be defended by a court-appointed lawyer. The entry of the plea of guilty was not induced by threats or promises. MacGibbon asserts that he had ample time to consult with the defendant and that no purpose could have been served by additional conferences or investigations.

We have examined the affidavits and other material contained in the record and cannot find therein any representation or claim by the defendant that he was wrongfully charged with the offenses set forth in the informations filed October 1, 1953. It is admitted that prior to that date he had been in the custody of state authorities at the St. Cloud Reformatory. He does not deny that he escaped from that institution nor does he deny his subsequent involvement in the offense of grand larceny. The record does not suggest additional facts or circumstances which would have altered the result of the proceedings of October 1, 1953. It is significant that when the defendant was sentenced in Hennepin County District Court on March 31, 1959, he was represented by an attorney and no objection was raised as to the validity of the prior convictions.

We have said in numerous cases that the purpose of the right to have counsel, as provided by Minn. Const. art. 1, § 6, and Minn. St. 611.07, and the right to be represented by counsel, as provided by the Federal constitution, is to protect the accused from conviction resulting from his own ignorance of his legal and constitutional rights, and this right to counsel cannot be nullified by appointment of or representation by counsel who merely furnishes casual or perfunctory representation. State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034; Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527; State ex rel. Moriarty v. Tahash, 261 Minn. 426,

112 N. W. (2d) 816; State ex rel. Grattan v. Tahash, 262 Minn. 18, 113 N. W. (2d) 342.

In State ex rel. Moriarty v. Tahash, 261 Minn. 426, 429, 112 N. W. (2d) 816, 819, we said:

"* * * In the absence of any affirmative showing to the contrary, there is a controlling presumption that court-appointed counsel in a criminal case not only has consulted with his client, the accused, but also has advised him in good faith of his rights in entering a plea of guilty or not guilty."

We find nothing in the record before us which warrants the conclusion that the defendant was denied the constitutional right of counsel when the sentence of October 1, 1953, was imposed. Appellate courts regard as suspect any representation by court-appointed counsel for an indigent defendant which appears to be less than careful and competent. Nevertheless, they are not disposed to give serious consideration to the charge of inadequate representation where that charge rests upon the bald assertion of denial of the right when the defendant does not profess his innocence. The bare assertion that the attorney for the accused is not competent is not of juridical significance. Here the trial court found that the accused had a fair opportunity to consult with competent, court-appointed counsel and be advised of his rights and that he freely admitted the commission of the offense charged.

Affirmed.