## STATE v. DONALD N. MERTZ.*

130 N. W. (2d) 631.

September 18, 1964—No. 39,218.

*Donald N. Mertz,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Per M. Larson,* First Assistant County Attorney, for respondent.

Murphy, Justice.

Defendant appeals from a judgment of conviction of the district court and an order of said court denying his motion to vacate the judgment.[1]

---

*Certiorari denied, 380 U. S. 918, 85 S. Ct. 911, — L. ed. (2d) —.

[1] As a part of the procedural history herein and for the purpose of showing the sequence of the proceedings before the District Court of Hennepin

On May 8, 1958, a complaint was filed in the municipal court of Minneapolis wherein defendant was charged with committing the crime of grand larceny in the first degree, on May 7, 1958, in the city of Hopkins. On May 9 he appeared before said court and waived preliminary examination. Pursuant thereto the case was certified to the District Court of Hennepin County and on that date an information was filed charging him with grand larceny in the first degree. On May 12 he was arraigned before the district court and plead not guilty. The next day he again appeared in court, withdrew his plea, and entered a plea of guilty as charged. On that day an information was filed charging him with two prior convictions of burglary in the third degree.

On May 20, 1958, defendant appeared before the district court and plead guilty to the two prior convictions. The court adjudged him guilty and sentenced him to be imprisoned in the State Reformatory at St. Cloud until discharged by due course of law or by competent authority. Judgment was entered, judgment roll made and filed, and sentence was stayed until defendant completed a sentence previously imposed on him.

About 3 years and 7 months later, on December 11, 1961, defendant again appeared in said district court at which time an order of the court was made again staying execution of the May 20, 1958, sentence and placing defendant on probation for 2 years. The probation order was filed December 18, 1961.

More than a year thereafter on January 4, 1963, probation was revoked, defendant having plead guilty to the crime of forgery in the second degree. Thereafter, on July 9, 1963, defendant moved to vacate the judgment of conviction of May 20, 1958. Three days later an order was filed denying the motion.

In the instant case no appeal or motion for a new trial was made within the 6-month period for appeal provided by Minn. St. 632.01.[2]

_____

County, the state has attached to the appendix in its brief a copy of the criminal register of the clerk of the district court, marked exhibit 1 and made part of the brief by reference.

[2]Minn. St. 632.01 provides: "Criminal cases may be removed by the de-

■ Ordinarily we would not review constitutional and jurisdictional questions raised on appeal when the statutory time for taking such appeal had expired.[3] It is apparent, however, from recent decisions of the United States Supreme Court, Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837, and Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148, that the issue raised here could be presented to us by habeas corpus. We accordingly treat the appeal as a proceeding seeking postconviction relief and consider the errors assigned.

■ It is the contention of defendant that the order of the trial court dated December 18, 1961, by which defendant was placed on probation was unauthorized because it amounted to a change or modification of the sentence after expiration of the term at which it was imposed and that the effect of that order was to deprive the court of jurisdiction, entitling defendant to immediate discharge. We cannot agree. When, on May 20, 1958, defendant entered a plea of guilty to the offense of "Grand Larceny in the First Degree and two prior convictions," a valid judgment of conviction was entered. At that time defendant was serving a term in the St. Cloud Reformatory under sentence for another conviction. The trial court stayed execution until defendant had completed serving that sentence. It is apparent from the record that the trial court realized that under the sentence imposed defendant was subject to the drastic penalties under the multiple-offense statutes then in effect, Minn. St. 1961, §§ 610.28 and 610.29, and intended to reserve the right to suspend that sentence and place him on probation. The stay was properly entered pursuant to the provisions of Minn. St. 1961, § 610.33, then in effect, which stated in part:

"* * * when a person while under sentence for felony commits another felony, and is sentenced to another term of imprisonment such latter term shall not begin until the expiration of all prior terms."

---

fendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, or after the decision of a motion denying a new trial; but, if the order denying a new trial be affirmed upon hearing upon the merits, no appeal shall be allowed from the judgment."

[3]See, State v. Pruitt, 264 Minn. 243, 119 N. W. (2d) 32.

On December 11, 1961, after defendant had completed serving his sentence at the St. Cloud Reformatory, he was returned to the District Court of Hennepin County, at which time a further stay of execution of sentence was entered and defendant was placed on probation for a period of 2 years.

Assuming that the order granting probation was unauthorized, that order could not affect the validity of the sentence imposed May 20, 1958. The sentence would remain in effect and require immediate execution. 5 Wharton, Criminal Law and Procedure, § 2193; 24 C. J. S., Criminal Law, § 1618(11)b. The authorities on this issue are gathered in Annotation, 141 A. L. R. 1225, 1229, where it is said:

"According to the great weight of authority, where sentence has been pronounced in a criminal case, but a void order has been entered suspending the execution of the sentence, the defendant may be required to pay his suspended fine or serve his suspended term in prison notwithstanding the making of the unauthorized order suspending the execution of the sentence. The enforcement of the sentence which has been suspended without authority may take place at any time after the suspension thereof, even after the expiration of the term at which the void order was entered."

■ Moreover, we cannot agree that the order staying execution and placing defendant on probation was unauthorized. The authorities which hold that a trial court has no power to change or modify a sentence after expiration of the term at which it was imposed do not apply to actions of the court in exercising its probationary powers to stay execution of the sentence. See, Pernatto v. United States (3 Cir.) 107 F. (2d) 372; Kriebel v. United States (7 Cir.) 10 F. (2d) 762; United States v. Weiss (E. D. Pa.) 28 F. Supp. 598.

The trial court has broad probationary powers which permit it, at any time before the sentence is executed, to stay the execution of sentence and place defendant on probation (Minn. St. 609.135, superseding Minn. St. 1961, §§ 610.37 and 610.38), and in the event of a breach of conditions of probation thereafter to revoke the stay (Minn. St. 609.14, superseding Minn. St. 1961, § 610.39). It has been pointed out by Federal authorities, Pernatto v. United States,

*supra*; White v. Steigleder (10 Cir.) 37 F. (2d) 858; Nix v. James (9 Cir.) 7 F. (2d) 590; United States v. Edelson (M. D. Pa.) 89 F. Supp. 926; United States v. Weiss, *supra,* which have considered the probationary powers of the Federal courts under the Probation Act of 1925, 18 USCA, § 724, et seq., now 18 USCA, § 3651, et seq., that the probation law is remedial and humanitarian in purpose and that the power to suspend sentence for the purpose of giving defendant a chance to rehabilitate himself continues until execution of the sentence has actually commenced. The former Minnesota provision relating to probation, Minn. St. 1961, § 610.37, which was in effect at the time of the granting of the stay here in question, differed slightly from the Federal statute in that it stated that suspension might be ordered "upon the imposition of sentence" rather than "after sentence." It would not seem that this difference should be decisive; but, in any event, the power of trial courts in the future to grant stays of execution for purposes of probation at any time before execution of such sentence has commenced is clear under the current law. Minn. St. 609.135 (L. 1963, c. 753, § 609.135).

Affirmed.

OTIS, JUSTICE (dissenting).

■ Whatever may have been the trial court's actual intention, it is undisputed that on May 8, 1958, it imposed a valid sentence committing defendant to the State Reformatory. *Execution* of the sentence was stayed until the expiration of a prior sentence which defendant was then serving. It is significant that the court did not stay the *imposition* of sentence. Had it done so, the sentence it attempted to impose on December 11, 1961, would have been perfectly valid. The only effect of the court's sentence in 1958 was to make that term run concurrently with the one for which the defendant was then confined.

The majority holds in effect that Minn. St. 1961, § 610.33, allowed a new and different sentence to be imposed in 1961, at the time defendant's previous term expired, because his conviction and sentence in 1958 occurred at a time when he was already in an institution. I respectfully suggest that this is not what the statute says. It does not provide that under these circumstances a subsequent *sen-*

*tence* may be imposed at the conclusion of the sentence for which defendant is serving, but provides only that the new *term* shall not begin until the expiration of all prior terms. Again, the statute merely requires that sentences run consecutively, a directive which courts frequently ignore. In other words, had the court in 1958 imposed a sentence of commitment, the term of the sentence would not begin to run until all prior terms for which defendant was confined had expired. But, there is nothing in § 610.33 which in any way authorizes a valid sentence to be changed or extended once it has been imposed.

■ The majority opinion construes Minn. St. 1961, §§ 610.37 and 610.38, in a way which is completely contrary to the wording of the statutes themselves. Section 610.38 provides in part:

"Such stay shall be for the full period of sentence; *and during such time* the person so sentenced may be placed on probation * * *." (Italics supplied.)

By the plain language of § 610.38 this does not mean that the court may *change* the sentence to probation "during such time." It means that the original sentence may require that defendant be on probation "during such time"—the period of the stay. This is clear from the language of § 610.37 which unequivocally states:

"The several courts of record of this state having jurisdiction to try criminal causes shall have power, *upon the imposition of sentence by such court* * * * to stay the execution of such sentence which the court has imposed * * *." (Italics supplied.)

The statute goes on to limit the court's right to impose probation *subsequent* to the original sentencing by stating:

"* * * [*A*]*t any time after the imposition of sentence* in all cases where the sentence imposed is to a county jail, work farm or workhouse, any such court of this state shall have like power * * *." (Italics supplied.)

Obviously, the right to change a sentence to probation is limited to those cases where the original sentence is for a misdemeanor or a gross misdemeanor.

■ It has long been the rule in Minnesota and elsewhere that a validly imposed sentence may not be extended, reduced, or modified after the term of court has expired. In State v. Carlson, 178 Minn. 626, 228 N. W. 173, we said:

"* * * Except where otherwise provided by statute, it is the settled and apparently the universal rule that where the court has imposed a valid sentence it cannot change or modify such sentence after the expiration of the term at which it was imposed."

There we pointed out that the court *did* have the power to postpone the *imposition* of sentence, and had this procedure been followed in the instant case no problem would have arisen.

We referred to the Carlson case with approval more recently in State ex rel. Bennett v. Rigg, 257 Minn. 406, 102 N. W. (2d) 17. It has been suggested that any different rule would constitute double jeopardy. The authorities on the subject have been collected in 15 Minn. L. Rev. 828 and in Rubin, The Law of Criminal Correction, p. 145, note 134.

In the instant case we allow a term which properly expired on December 11, 1961, to be further extended by the same court for the same offense 2½ years after imposition of the sentence. I respectfully submit that this does violence to fundamental principles under which sentencing powers are properly limited. In overruling or ignoring our own precedents we fail to give proper regard to the serious impact our decision will have on the entire sentencing process.

I would reverse.