STATE OF NEBRASKA, APPELLEE, v. JERRY ERVING, SR.,
APPELLANT.

144 N. W. 2d 424

Filed July 29, 1966.    No. 36214.

Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

CARTER, J.

This is an appeal from an order of the district court for Douglas County denying a motion to vacate a conviction and sentence for first degree murder under the provisions of the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965.

Defendant was convicted of first degree murder on June 3, 1960, and sentenced to life imprisonment. His conviction was affirmed by this court on June 29, 1962. Erving v. State, 174 Neb. 90, 116 N. W. 2d 7. On September 27, 1965, defendant filed a motion to vacate the judgment and sentence under the Post Conviction Act. The trial court issued an order to the county attorney of Douglas County to show cause why a hearing should not be held on the motion. The motion was argued and the application to vacate the conviction and sentence was denied. The defendant has appealed, asserting that the court erred in not granting him a hearing on the merits of the allegations of his application.

The defendant asserts many alleged violations of his constitutional rights. Defendant alleges that he was held in custody from December 27, 1959, to December 30, 1959, on which latter date he was released from custody. He states he was interrogated during this period by the county attorney, that he made answer to some questions but was not advised of his right to remain silent or to consult with legal counsel, and that the statements were used for impeachment purposes against him at his trial. Defendant was released on December 30, 1959, and he was not again taken into custody until January 6, 1960. No claim is made that he was forced or coerced into making a confession or incriminatory statement, his release on December 30, 1959, being corroborative of that fact. The opinion in Erving v. State, *supra,* deals with the problem and determines this issue. It is clear that no objection was made at the trial to the effect that the statements used were involuntary. Defendant does not contend that they were. He does not allege that

he confessed or incriminated himself involuntarily. The facts pleaded indicate that he requested a lawyer and that the request was refused. Defendant was not prejudiced for the reason that he refused to answer any material questions. The statement was used only on cross-examination for the sole purpose of showing that defendant refused to answer questions as to his whereabouts on the day before the murder was committed. Whether or not this evidence should have been admitted, it does not show the denial of a constitutional right. We think the record before us, including our opinion in Erving v. State, *supra,* shows the want of merit in this contention.

Other portions of his motion allege that the police searched his residence and his automobile without a search warrant, that such unlawful searches and seizures were unreasonable, and that the admission into evidence of the items there found was in violation of his constitutional rights. No objection was made to the admission of the evidence at the trial on the ground here being advanced. Defendant is in no position, under the circumstances here existing, to complain about the admission of this evidence. In Plummer v. United States, 260 F. 2d 729, the court said: "The motion, which was prepared by appellant without assistance of counsel, alleged four grounds for vacating sentence: (1) illegal arrest, (2) illegal detention, (3) illegal search and seizure, and (4) ineffective assistance of counsel. The first three points are not grounds for vacating a sentence under § 2255 and do not entitle appellant to a hearing. See White v. United States, 1956, 98 U. S. App. D. C. 274, 235 F. 2d 221; Newman v. United States, 1950, 87 U. S. App. D. C. 419, 184 F. 2d 275." See, also, United States v. Langston (1961), 194 F. Supp. 891. The foregoing rule was the controlling law when defendant was tried. The assertions here made appear to be an attempt to get within the rule of Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. Since the holding

in Johnson v. State of New Jersey, No. 762, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, released June 20, 1966, Escobedo v. Illinois, *supra*, has no relevancy to the instant case since we are dealing with a case commenced prior to June 22, 1964. It seems clear that the present rule barring the admission of illegally seized evidence, it having no retroactive effect, could have no application to the present case. Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601.

Defendant alleges that upon his arrest on January 6, 1960, he was unlawfully detained until an information was filed on February 2, 1960. He was given a preliminary hearing on the day of his arrest. He was represented by legal counsel. The remedy for testing the efficacy of a preliminary hearing is by plea in bar or habeas corpus. When he entered his plea without invoking these available remedies, he effectively waived any objections to the sufficiency of the preliminary hearing. State v. Brevet, *ante* p. 616, 144 N. W. 2d 210.

Defendant asserts that two witnesses who testified for the State at the trial were deprived of their constitutional rights and that this had the effect of violating his constitutional rights. The credibility of these witnesses and the weight to be given to their testimony were for the jury. Defendant's allegations go to the reliability of the evidence which was an issue in the trial and considered on appeal. Credibility of witnesses and weight of testimony are not issues which can be re-examined in a post conviction proceeding. In any event, the claimed constitutional rights are personal rights which may be claimed only by the person whose rights have been abridged.

Defendant asserts that he was prejudiced in his trial because of undue publicity in the various news media. No claim is made that a change of venue was requested or that the matter was otherwise brought to the attention of the court. If there was merit in his contention, remedies were available. The record does not disclose

that any apparent right was denied him. The nature and extent of the publicity are not alleged. Defendant will not be permitted to foresake available remedies upon his trial in such matters and then assert them for the first time in a post conviction proceeding. Such proceeding is not a substitute for appeal. As to this point the motion to vacate does not show that any constitutional right was denied the defendant. This contention is without merit.

Defendant alleges that his constitutional rights were violated by the manner in which the bill of exceptions was prepared after the intervening death of the official court reporter who reported the evidence at the trial. The application shows on its face that the bill of exceptions was prepared in accordance with the rules of the court. The allegations do not show the violation of any constitutional right on this point.

Defendant alleges that his constitutional rights were violated when the trial court refused to require the county attorney to furnish statements given to him. The statements, as shown by our opinion in Erving v. State, *supra,* were statements allegedly given by two State witnesses. The correctness of the ruling was sustained on appeal, and, we think, correctly so, for the reasons stated in this court's opinion in that case. The attempt to raise this issue in post conviction procedure is nothing more than an attempt to relitigate a matter already finally decided. This is not the purpose of the post conviction proceeding. We fail to see where any constitutional right to due process has been violated as to this allegation. Every adverse ruling in the course of a criminal trial does not involve a constitutional right within the meaning of the Post Conviction Act.

We point out that the allegations of the motion to vacate are in many respects conclusions only. For instance, the statements made to the county attorney are not alleged to be confessions or incriminating statements. Too often the allegations are mere conclusions evidently

designed to bring the defendant within the scope of Escobedo v. Illinois, *supra,* or other decisions of similar import, without alleging the specific facts which are alleged as violative of the constitutional rights of the defendant. The pleading of conclusions is no more acceptable in a post conviction proceeding than in any other civil proceeding.

We have examined the lengthy motion to vacate the conviction and sentence in this case. As we have hereinbefore indicated, the allegations involve questions specifically decided in Erving v. State, *supra;* late decisions of the Supreme Court of the United States which are not applicable because of their prospective effect only; questions which have been waived and are not available to the defendant in a post conviction proceeding; and questions involving matters of law only which have been correctly decided. No facts are alleged showing that defendant was prejudiced in any way by the denial of legal counsel. No question of fact was required to be determined which was raised by the motion to vacate the conviction and sentence. The trial court was, therefore, correct in refusing a hearing and denying the motion to vacate defendant's conviction and sentence.

AFFIRMED.