STATE OF NEBRASKA, APPELLANT, V. STUART CARPENTER, APPELLEE.

185 N. W. 2d 663

Filed March 26, 1971. No. 37743.

Roy I. Anderson, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

We review an order that the district court entered under the Post Conviction Act. The order vacated prior sentences of defendant, placing him on probation for 3 years. Validity of the order and our appellate jurisdiction are questioned.

Informations consolidated for trial charged defendant with breaking and entering and possession of burglary tools. After pleas of not guilty and a trial, the court on September 13, 1966, found defendant guilty of both charges. On September 27 it imposed concurrent sentences of imprisonment for 3 years. We affirmed the judgment in State v. Carpenter, 181 Neb. 639, 150 N. W. 2d 129 (1967). Federal litigation ensued. See Carpenter v. Sigler, 419 F. 2d 169 (8th Cir., 1969).

On February 17, 1970, defendant moved the court under the Post Conviction Act, section 29-3001, R. S. Supp., 1969, to vacate the sentences. He alleged one ground: "Defendant was denied due process at the time of his sentence . . . for the reason that said sentence was excessive . . . in view of defendant's cooperation with the State in waiving a jury trial and contesting only the legality of the search and seizure. . . ."

The court heard the motion on May 4, 1970, taking it under advisement pending further investigation by the probation officer. The order vacating the sentences

was entered June 9. It provided for the probation term and the preparation of a probation order.

On July 7, 1970, the State filed notice of appeal and praecipe for transcript, and it paid the $20 docket fee to the clerk of the district court. On June 23 the State had presented to the district judge an application for leave to docket error proceedings. The judge certified that the record designated was adequate to present the objections of the State to the order of June 9. We granted the State leave to file the application.

An order by the district court purporting to vacate a sentence legally pronounced in a criminal prosecution for the purpose of placing defendant on probation is a nullity. See § 29-2218, R. R. S. 1943; cf. Moore v. State, 125 Neb. 565, 251 N. W. 117 (1933). The rule is consistent with the function of the Board of Parole. "The Legislature shall provide by law for the establishment of a Board of Parole. . . . Said board . . . shall have power to grant paroles after conviction and judgment . . . ." Art. IV, § 13, Constitution of Nebraska.

Relief under the Post Conviction Act is limited to denial or infringement of a prisoner's rights so as to render the judgment void or voidable under federal or state Constitution. § 29-3001, R. S. Supp., 1969. A motion for post conviction relief is not a substitute for an appeal. State v. Erving, 180 Neb. 680, 144 N. W. 2d 424 (1966).

The motion of defendant set out no ground for post conviction relief. The district court ought to have directed execution of the sentences. See § 29-2401, R. S. Supp., 1969.

The State perfected the appeal. See § 29-3002, R. S. Supp., 1969; § 25-1912, R. R. S. 1943. The pendency of error proceedings under section 29-2315.01, R. R. S. 1943, did not affect our jurisdiction on appeal to reverse the order.

The order of June 9, 1970, is reversed, and the cause is remanded with directions for reinstatement of the

sentences of September 27, 1966, and for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., concurs in result.