STATE OF NEBRASKA, APPELLEE, v. PATRICIA VAN ACKEREN, APPELLANT.

204 N. W. 2d 165

Filed February 9, 1973. No. 38605.

Paul E. Watts and Stephen Greenberg, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The sole question involved in this case is whether a minimum indeterminate sentence of 1 to 3 years imposed upon the defendant for the crime of unlawful delivery of a controlled substance, LSD, was excessive.

The defendant plead guilty and we also have before us in the record a full report of the presentence investigation in this matter. The lower court had before it the official police report which showed that at approximately 11:15 p.m. on September 19, 1971, officer Helms, working in an undercover capacity with the narcotics

unit of the Omaha police department, was informed that a narcotics buy was set up at 4825 Taylor Street with a party named Stephen Van Ackeren. At approximately 11:45, officer Helms and the informant went to 4825 Taylor Street where they were met by Stephen Van Ackeren and his wife, Patricia, the defendant and appellant. The presentence report shows that the defendant initiated and participated actively in the transaction. The defendant asked officer Helms if he were interested in some "sunshine," officer Helms stated that he was and asked the price. The husband of the defendant then stated that the price was $2.50 a hit, and officer Helms produced a $10 bill whereupon the defendant's husband gave the defendant a small match box from which she took four orange-colored tabs, placed them in a piece of tinfoil, and handed them to officer Helms. Officer Helms gave the defendant the $10 bill which she in turn gave to her husband. There is no dispute that the orange-colored pills constituted LSD, lysergic acid diethylamide.

We recite the facts from the presentence report because of what transpired during the sentencing procedures before the district court. It appears from an examination of the record that despite her plea of guilty and the positive statement of the police officer, the defendant persisted, both at the time of the arraignment, and at the time of the final sentencing, in a version of the incident which would create the impression that she rather unwillingly accepted the LSD tablets from a friend and was disposing of them for the friend. Her joint and active participation with her husband, who was also charged, is apparent from the above recital of the facts. We are unable to find, in the presentence investigation and in the sentencing proceedings, any indication of sincere remorse and a desire for rehabilitation on the part of the defendant.

Since the defendant was a first offender and in light of the sentence that was actually given, the fundamental

question presented to the district court and the sole question raised here is whether the defendant should have been placed on probation. Although this is not a crime of violence, it is apparent from the nature of the substance delivered, and the danger involved to users, that it was a drug offense of the more serious type. The record reveals no recommendation of probation from the county attorney or from the probation officer. In examining the question of the difficulty of the supervision of the defendant while on probation the presentence investigation reveals many facts which must have been persuasive to the trial judge. The defendant first began to "drop" LSD occasionally, perhaps every week, stating that she first began because of boredom because her husband was in the Nebraska Penal and Correctional Complex. This lasted for about 7 months and then after a "very bad trip" she quit for approximately 6 months. She then smoked marijuana and hashish for about the next 6 months, but got bored with this after her previous experience with LSD. She states that she stopped taking drugs in the spring of 1971. Her father is a mechanic of an unknown address and her mother is unemployed and living in Omaha. Each of her parents had been previously married and divorced and are now divorced from each other. As mentioned, her husband has been in the Nebraska Penal and Correctional Complex for about 15 months for burglary; in addition her mother has been confined in the Women's Reformatory in York for uttering a forged instrument, her father's presence and interest is absent, and her grandfather was a two-time inmate of the Nebraska Penal and Correctional Complex.

Because of the nature of the offense, the trial court must have been peculiarly concerned with the problems involved with the necessary supervision of the defendant while on probation, her genuine desire to rehabilitate herself, and her repeated return to the use of drugs because of "boredom" in her private life. Combined with

these facts is her persistence through the sentencing procedure, in an absolutely uncorroborated and unsubstantiated version of the sale of the LSD in order to accommodate one of her friends.

Considering all the circumstances, we are unable to say that the trial court, who had the defendant before him at least twice, and had all the information of the presentence investigation before him, and considering the seriousness of the offense, abused its discretion in imposing a minimum indeterminate sentence of from 1 to 3 years. This court has held, without deviation, that where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion. Such an abuse does not appear from the record in this case.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

McCown, J., concurs in the result.