STATE OF NEBRASKA, APPELLEE, v. THOMAS D. KEYSER, APPELLANT.

209 N. W. 2d 187

Filed June 29, 1973. No. 38895.

Donn K. Bieber, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant plead guilty to a charge of forgery and was sentenced to serve 3 years in the Nebraska Penal and Correctional Complex. He charges that the sentence is excessive and that the court erred in failing to reduce the sentence on motion made therefor in conjunction with a motion for new trial. We affirm.

"Where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." State v. Van Ackeren, 189 Neb. 639, 204 N. W. 2d 165. No abuse of discretion appears.

Defendant contends that the trial court has authority to reduce a sentence. This court has repeatedly held that: "In the absence of statute the district court after commitment of a prisoner possesses no authority to set aside the sentence and place the prisoner on probation." Housand v. Sigler, 186 Neb. 414, 183 N. W. 2d 493. See, also, State v. Carpenter, 186 Neb. 605, 185 N. W. 2d 663. It is true that some changes have been made in the

statutes in regard to sentencing and probation, but we are unable to find any statute making a change of this nature. It is generally held, in the absence of specific statutory authorization, that once the court has pronounced sentence, and the defendant has been committed, the court is without authority to change or set aside the sentence. See, Weston v. State, 28 Wis. 2d 136, 135 N. W. 2d 820; State ex rel. Bennett v. Rigg, 257 Minn. 406, 102 N. W. 2d 17; Annotation, 168 A. L. R. 706.

The judgment of the District Court is affirmed.

AFFIRMED.