**Donald E. MUECKE, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C8–83–1458.

Court of Appeals of Minnesota.

June 5, 1984.

Eugene D. Mailander, Malone & Mailander, Slayton, for appellant.

John A. Doyle, Asst. Murray County Atty., Slayton, for respondent.

Heard, considered and decided by SEDG-WICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Donald Muecke appeals the dismissal of his criminal appeal by the Murray County District Court for failing to pay timely the $25 clerk's fee and failing to secure a stay of execution of his sentence. This appeal originated in county court when appellant was convicted of fourth degree assault, a misdemeanor. We reverse.

## FACTS

Following an incident in which appellant bumped his truck into a moped, throwing the driver off, appellant was convicted by a jury on October 26, 1982, of fourth degree assault. On January 12, 1983, the county court judge ordered a presentence investigation. An order for sentence was dated April 5, 1983. *This order was not filed with the clerk until April 18, 1983.* Appellant was fined $220 and jailed for 30 days, but the execution of the jail sentence was "suspended" (stayed) on condition that he reimburse the victim $77.50, undergo a chemical dependency evaluation and refrain from entering on the premises where the incident occurred for one year.

Appellant's counsel filed a notice of appeal on April 15, 1983, but in a dispute with the clerk did not pay the $25 clerk's fee at that time; instead the $25 was paid April 18, 1983. The appeal was made to the district court, under earlier appellate rules. Rule 28, Minn.R.Crim.P. (1983).

Apparently thinking his appeal was untimely, appellant moved the county court to extend time to file his appeal under Rule 28.05, subd. 1, Minn.R.Crim.P. (1983). In response, the prosecution argued that appellant's motion was untimely since he failed to appeal within ten days from the date of the verdict and did not obtain a stay of execution of his sentence. The county court denied appellant's motion for extension of time to appeal.

The prosecution then moved in district court to dismiss appellant's appeal. He argued that appellant did not deposit the $25 clerk's fee on April 15, 1983, and thus the appeal was untimely since the rules require an appeal within ten days of judgment. He also contended the appeal was unperfected because appellant had not obtained a stay of execution of sentence. On September 1, 1983, the district court dismissed the appeal, accepting the reasons as propounded by the State. Upon petition to appeal, the Supreme Court ordered this court to hear appellant's appeal of the dismissal.

## ISSUE

Did the district court err in dismissing appellant's appeal of his misdemeanor conviction as untimely and unperfected?

## DISCUSSION

■ 1. There is no dispute that appellant's counsel paid the $25 clerk's fee on April 18, 1983. Rule 28.05, subd. 1, of the Criminal Procedures Rules then in effect provided, in relevant part:

To appeal on the record to district court, a defendant shall file written notice thereof with the clerk of the county court where the action was heard. The written notice shall be filed within ten (10) days after the entry of the adverse final judgment or order appealed from.

\* \* \* \* \* \*

A judgment or order is entered within the meaning of these appellate rules when it is entered upon the record of the clerk of county court.

The record shows that although the order for sentence was dated April 5, 1983, it was not entered on the clerk's records until April 18, 1983. The rules clearly state that an appeal within ten days after the order has been entered on the record is timely; this appeal should not have been dismissed.

There is no merit to the argument that a defendant must secure a stay of execution of sentence to appeal.

2. The real issue here is the disposition, in light of the statute regulating the duration of stays, Minn.Stat. § 609.135, subd. 2 (1982). This statute provides:

\* \* \* \* \* \*

(2) In case the conviction is for a misdemeanor the stay shall not be for more than one year.

\* \* \* \* \* \*

(4) At the expiration of such stay, unless the stay has been revoked or the defendant discharged prior thereto, the defendant shall be discharged.

It is clear that the county court imposed a stay of execution in its order for sentence. The district court, in dismissing appellant's appeal, remanded the action to the county court for execution of sentence. However, no enforcement activity to execute the original sentence has ever been initiated. Appellant has remained free and has been working continuously since his conviction. The prosecutor, at oral argument, intimated that he failed to seek execution of the 30-day jail sentence because he believed the county court lost all jurisdiction to do so. This is simply not the law.

The 1983 Rules of Criminal Procedure discuss the effect of an appeal to district court on stays of execution. They provide that in considering whether a defendant should be released, "[t]he court shall also take into consideration that the defendant may be compelled to serve the sentence imposed upon him before the district court has had an opportunity to consider the case." Rule 28.05, subd. 5(1), Minn.R.Crim.P. (1983). *See State v. Freitag*, 281 Minn. 573, 161 N.W.2d 530 (1968). The Rules also provide a procedure for applying for release pending an appeal. Rule 28.05, subd. 5(2), Minn.R.Crim.P. (1983).

These rules are consistent with the law that:

[p]ending a duly executed appeal, the jurisdiction of a trial court is suspended only as to those matters necessarily involved in the appeal, not as to those matters which are independent of, or which are supplemental to, the appeal or collateral to the proceeding in which the appealed order or judgment was rendered.

*State v. Barnes*, 249 Minn. 301, 302–03, 81 N.W.2d 864, 866 (1957). *See In the Matter of the Welfare of the C. Children*, 348 N.W.2d 94 (Minn.Ct.App. 1984).

The appellant's stay of execution could have been revoked for violating any of the conditions of his probation, and his sentence could have been executed. Minn. Stat. § 609.14 (1982); *State v. Mertz*, 269 Minn. 312, 130 N.W.2d 631 (1964), *cert. den.* 380 U.S. 918, 85 S.Ct. 911, 13 L.Ed.2d 803 (1965). This was not done; the original stay granted by the county court thus expired on May 5, 1984. Appellant's 30-day jail sentence can no longer be executed.

## DECISION

The district court's order dismissing appellant's appeal is reversed. Appellant's stayed sentence can no longer be executed because more than one year has expired from the date of the stay. Should appellant desire to continue with his appeal for purposes of removing the conviction from his record, he has 90 days from the date of this decision to file a notice of appeal with the clerk of appellate courts.

Reversed.