**Jimmy DAVIS, Petitioner,**

**v.**

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 432–E.**

United States District Court
N. D. West Virginia.

Nov. 18, 1965.

Milford L. Gibson, Elkins, W. Va., for petitioner.

George H. Mitchell, Asst. Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Jimmy Davis, a convict held at the West Virginia Penitentiary at Moundsville, West Virginia, has petitioned this Court in forma pauperis for a writ of habeas corpus. After answer by the State, the Court held a plenary hearing on October 13, 1965. Davis, who was represented by Court appointed counsel, testified that he was convicted of armed robbery on September 26, 1963, and sentenced to twenty years in the State Penitentiary, on October 4, 1963. Thereafter, Davis attempted to appeal his case. In his attempt he wrote several letters to the trial judge requesting an attorney and a transcript of the trial. In due course, a lawyer was appointed to prosecute the writ of error and the transcript was furnished.

The attorney appointed to represent Davis on appeal testified at the habeas corpus hearing. His story substantially agreed with Davis'. The attorney related that he received the trial transcript sometime near the beginning of March, 1964. By the end of April, 1964, the attorney concluded that there was not sufficient error to warrant an appeal and, accordingly, determined he would not file for a writ of error. Davis, then an inmate at the West Virginia Penitentiary, was not informed of the attorney's decision until near the end of July, 1964, after the jurisdictional eight months time to file for a writ of error had expired. Chapter 58, Article 5, Section 4, West Virginia Code of 1961.

Although Davis assigned several grounds for federal relief, the Court finds that the only meritorious claim is in connection with the denial of his right to seek a writ of error. It is now well settled that an indigent, such as Davis, is entitled to the assistance of counsel on direct appeal from a criminal conviction. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Determinations by a trial judge or an attorney that an appeal would be frivolous or without hope of success may not operate to deny an indigent his right to seek appellate review of his case. See Lane v. Brown, 372 U.S. 477, 485, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In the instant case the inaction of Davis' court appointed attorney who failed to file timely for a writ of error, or, in the alternative, to notify his client of his decision not to prosecute the appeal, until after the statutory filing time, had the same effect as initially denying Davis the assistance of counsel on appeal.

The Fourth Circuit cases dealing with the denial of counsel on appeal clearly show that once an indigent layman exhibits a desire to appeal the State becomes duty bound to furnish him with the necessary tools to seek appellate review and that failure to do so is cognizable by Federal habeas corpus. See Magee v. Peyton, 343 F.2d 433 (4th Cir., 1965); Newsom v. Peyton, 341 F.2d 904 (4th Cir., 1965). The Court finds no meaningful distinction where the denial of appellate review is the fault of court appointed counsel. The effect in each case is the same.

Here Davis was not informed of counsel's determination not to prosecute the appeal until it was too late to take any meaningful step to obtain direct review. There is testimony to the effect that the court appointed attorney discussed the situation with the trial judge after he had determined that no grounds for appeal were present. It does not appear, however, that counsel withdrew or that the trial court took any steps to obtain another attorney to represent Davis. On these facts the Court is compelled to hold that Davis' federally guaranteed rights were violated.

Once such a violation is found it becomes unnecessary to determine the resulting prejudice—in this case whether or not Davis had any legitimate basis for an appeal. Neither the United States Supreme Court nor the Fourth Circuit have deemed this factor relevant because appeal is considered to be a "critical" stage of the proceedings. Cf. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Denial of the effective assistance of counsel at this stage establishes a ground for Federal habeas corpus relief.

The resulting Federal relief, however, is not necessarily release from custody. The only constitutionally defective segment of the State's conviction and imprisonment of Davis is the impeding of his right to seek appellate review. The State should be given a chance to cure this defect. The Court is aware that the time limit for filing for a writ of error has long since run in Davis' case. It is also mindful of the fact that failure to file timely is a jurisdictional infirmity in West Virginia. In a case dealing with denial of the right to appeal, the West Virginia Supreme Court of Appeals did not waive its jurisdictional rules to permit a belated appeal, but instead discharged the prisoner. State ex rel. Banach v. Boles, 147 W.Va. 850, 131 S.E.2d 722 (1963). Being a Federal court, with an inherent obligation to accord the State the final determination in such matters, this Court does not find that the decision in Banach is the final word on the subject by the West Virginia court. It is not clear from that opinion whether or not the court faced the precise issue before this Court. Moreover, the West Virginia court may wish to waive its jurisdictional rules for filing in cases where there has been a constitutional denial of the right to appeal. The Virginia Supreme Court of Appeals, which has rules similar to the West Virginia Court, recently held that it would waive its rules for filing time in an analogous case. Cabaniss v. Cunningham, 206 Va. 330, 143 S.E.2d 911 (1965). Should the Supreme Court of Appeals of West Virginia desire to grant Davis the right to appellate review on the merits, after the appointment of counsel and the filing of proper pleadings, this would satisfy Davis' Federal constitutional rights. If, however, the jurisdictional rules for filing cannot be waived to grant Davis an appeal on the merits, the petitioner must be released from custody. The respondent is, of course, granted a reasonable time to determine whether or not the State will permit the appeal.

In order that there be no misunderstanding of the holding in this case, the Court reiterates two points: (1) this decision is in no way to be construed as a mandate to the West Virginia Supreme Court of Appeals that it must waive its jurisdictional rules regarding filing time —that is purely a question of state law upon which no opinion is expressed; and

(2) Federal habeas corpus will not lie in every case [1] in which the state prisoner shows that he was not granted appellate review of his conviction. It is necessary to show, as in this case, both a manifested desire to appeal exhibited prior to the expiration of the statutory filing time as well as a substantial denial of the right to seek an appeal. The burden of proving both elements rests with the petitioner.

Having found that petitioner Davis has met that burden in this case, an order will be entered granting the State a reasonable time to determine whether direct appellate review of petitioner's conviction is possible; that, upon such determination, the State either release petitioner from custody or aid him in pursuing a writ of error on the merits.

---

1. The determination of this case is based upon, and limited to, the particular facts herein.