Edward Earl STANLEY, Petitioner-Appellant,

v.

Harry S. AVERY, Commissioner of Corrections, State of Tennessee, Respondent-Appellee.

No. 17679.

United States Court of Appeals
Sixth Circuit.

Jan. 4, 1968.

---

Edward Earl Stanley, in pro. per.

Henry C. Fourth, Asst. Atty. Gen., State of Tennessee, David W. McMackin, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, O'SUL-LIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Edward Earl Stanley, appellant, brought this action in the United States District Court for the Middle District of Tennessee for a declaration [1] of his rights under the statutes of Tennessee pertaining to good and honor time in the state penitentiary. Motion for summary judgment was granted in favor of the respondent-appellee and the appellant appeals.

In 1955 the appellant was convicted of robbery and was sentenced to five to fifteen years in the state penitentiary. He was released on parole in April, 1960.

In December he was convicted on three counts of burglary and sentenced to three to five years on each count, the sentences to run concurrently and consecutively to the fifteen-year sentence. On his return to the penitentiary he was required to serve his prior sentence of fifteen years in full and by order of the Parole Board all of his good and honor time for the entire fifteen-year sentence was revoked.

The appellant claims that his good and honor time for that part of the sentence not yet served could not be revoked. The district judge held that the statutes involved were correctly interpreted and in accordance with long time practice in the state.

■■■ We conclude that the district judge properly interpreted the Tennessee statutes and further that no federal constitutional question is involved.

In Forsythe v. State of Ohio, 6 Cir., 333 F.2d 678, we said:

"We are satisfied that the Declaratory Judgment Act, 28 U.S.C.A. Section 2201, cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison."

■■■ Section 2201 provides,

"In a case of actual controversy *within its jurisdiction,* * * * any court of the United States, * * * may declare the rights and other legal relations of any interested party seeking such declaration, * * *" (Emphasis added).

The Declaratory Judgment Act enlarged the range of remedies in the federal courts but did not alter or extend their jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194. The appellant's petition does not allege jurisdiction under either Section 1331,[2] the federal questions' statute or Section 1332,[3] the diversity of citizenship statute.

Affirmed.

1. Section 2201, Title 28, U.S.C.

2. Title 28, U.S.C.

3. See footnote 2.