Argued January 7, affirmed and remanded April 30, 1969

WELCH, *Respondent, v.* GLADDEN,
*Appellant.*

453 P2d 907

*Helen B. Kalil,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief was Robert Y. Thornton, Attorney General, Salem.

*Ken C. Hadley,* Deputy Public Defender, Salem,

argued the cause for respondent. With him on the brief was Gary Babcock, Public Defender.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

This is a post-conviction proceeding in which petitioner's appointed counsel, by neglecting to timely file a notice of appeal, deprived petitioner of his right to appeal. The state appeals from the judgment of the trial court granting petitioner a delayed appeal.

The petitioner, William J. Welch, was convicted in Multnomah County of assault and robbery while being armed with a dangerous weapon, ORS 163.280, and on April 5, 1965, was sentenced to the penitentiary for life. When petitioner was sentenced he notified the trial judge in open court that he wished to appeal and asked the court to appoint an attorney to handle his appeal. The court, over petitioner's objection, appointed the attorney who had represented petitioner in the trial court, and the attorney accepted the appointment. Nevertheless, the attorney neglected to file a notice of appeal until after the sixty days allowed by ORS 138.070① had expired.

Thereafter on July 12, 1965, the trial court entered an order releasing the attorney "from all responsibility in connection with the appeal" of the case. The order was made on the attorney's motion, supported by his affidavit reciting as follows:

"* * * That subsequent to the trial, I have reviewed my notes at length and the confession of

---

① ORS 138.070: "An appeal must be taken within 60 days after the judgment or order appealed from was given or made."

the defendant which was admitted, and I have come to the conclusion that there are no grounds for appeal."

The attorney's motion to be relieved of responsibility for the appeal was not served on petitioner and no notice of any kind was given petitioner, either of the filing of the motion or of the entry of the order relieving his attorney of responsibility for the appeal.

On September 28, 1965, the District Attorney for Multnomah County filed in this court a motion to dismiss the appeal for lack of prosecution. This motion was served by mail on both the attorney and on petitioner, who was then in the penitentiary. Since no objection to the motion to dismiss was made by either the attorney or petitioner, this court, on October 12, 1965, dismissed the appeal. In this proceeding the court below found that from the imposition of sentence on April 5, 1965, until the dismissal of the appeal, his attorney failed to contact the petitioner and that petitioner did not learn until after November 9, 1965, that his appeal had been dismissed.

Thereafter on January 7, 1966, the petitioner acting *pro se,* but with the assistance of a deputy public defender, filed in this court a motion to reinstate his appeal. In a supporting affidavit petitioner swore that he did not know that his attorney had been relieved and that if he had known he would have taken other means to perfect his appeal. In opposing petitioner's motion to reinstate his appeal the district attorney for the first time pointed out that the notice of appeal had not been timely filed.

On January 25, 1966, this court denied the motion to reinstate the appeal upon the ground that petitioner had "failed to prosecute his appeal with due diligence."

Thereafter on November 3, 1966, petitioner filed in the Circuit Court for Marion County a petition for post-conviction relief. The public defender was appointed to represent petitioner and the proceeding was transferred to Multnomah County. An amended petition was filed, which prayed for post-conviction relief on the following grounds:

1. That petitioner was denied his right to appeal and his right to counsel on appeal as a result of his attorney's failure to timely file notice of appeal.

2. That petitioner's oral admissions, which were used against him, were involuntarily made and were secured in violation of his right to counsel and his right to remain silent.

3. That the confession of petitioner's codefendant was admitted into evidence against petitioner without any proof that it was voluntary or that it was not secured in violation of the codefendant's right to remain silent.

4. That the statute under which petitioner was charged, ORS 163.280 is unconstitutional.

An evidentiary hearing was held in Multnomah County after which the trial court found that since the notice of appeal was not timely filed this court had not acquired jurisdiction of the appeal. The court further found that the failure of petitioner's attorney to timely file a notice of appeal was "a substantial denial of due process of law and the equal protection of the laws" under the Fourteenth Amendment to the Constitution of the United States. The court then held that ORS 138.520 authorized the relief of a delayed appeal and ordered that petitioner's appeal be reinstated, from which judgment the state has appealed.

■ We concur in the finding of the trial court that because the notice of appeal was not filed within the

time limited by ORS 138.070 this court acquired no jurisdiction over the appeal. We have consistently held that the code providing for appeals in criminal cases is complete in itself and must be complied with to confer jurisdiction on this court: *State v. Jairl*, 229 Or 533, at 539, 368 P2d 323; *State v. Endsley*, 214 Or 537, 331 P2d 338.

■ The decision in this case is controlled by our opinion in *Shipman v. Gladden* decided this day. We held in that case that the failure of retained counsel to timely file a notice of appeal which he had agreed to do deprived Shipman of due process of law. The rule applied in that case involving a retained counsel applies with equal force in this case involving appointed counsel. To the authorities cited in *Shipman v. Gladden* we add the following, all involving the failure of appointed counsel to timely perfect an appeal: *Horsley v. Simpson*, 400 F2d 708 (5th Cir. 1968); *Stanley v. Avery*, 387 F2d 637 (6th Cir. 1968); *Davis v. Boles*, 247 FS 751 (N.D. W.Va. 1965); *Scobie v. State of Oklahoma*, 239 FS 646 (E.D. Okla 1965); *United States ex rel. Taylor v. Reincke*, 225 FS 985 (D. Conn 1964); *Coffman v. Bomar*, 220 FS 343 (M.D. Tenn 1963).

The trial court properly held that this court acquired no jurisdiction over the appeal, but nevertheless reinstated the appeal. We think the judgment should have allowed defendant thirty days from the entry thereof in which to file a notice of appeal from his conviction. If petitioner is indigent the trial court should appoint an attorney to represent him on appeal. The decision of the trial court is affirmed, but the proceeding is remanded for the correction of the judgment as herein provided.

PERRY, C. J., dissenting.

I cannot agree with the conclusion reached by the majority that the post-conviction act (ORS 138.510 to 138.680) authorizes this court to direct the trial court, acting pursuant to that act, to direct that petitioner in effect be granted a delayed appeal.

It may well be that petitioner was denied the effective assistance of counsel on appeal and his constitutional rights denied him, but this alone does not permit the trial court or any court to grant relief under the post-conviction act.

ORS 138.530(a) provides for relief only in the following specific instances:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

Only a glance at this section discloses that this act pertains solely to a substantial denial of a petitioner's state or federal constitutional rights, occurring either in *the trial of the cause in the trial court* or in this court, which would render *the conviction void*. No other jurisdiction is granted.

Such an issue is not presented on this appeal, the sole issue being whether petitioner's appointed counsel could waive his client's right to appeal. Thus the failure of counsel would not render his conviction void, nor can it be considered a constitutional error made by this court.

If this petitioner is to be granted relief from his counsel's waiver of his right to appeal, the proper

procedure is an application for a writ of habeas corpus addressed to this court. ORS 138.530 (3) provides:

"(3) ORS 138.510 to 138.680 shall not be construed to limit the original jurisdiction of the Supreme Court in habeas corpus as provided in the Constitution of this state."

ORS 138.540 (2) also shows the clear intent of the legislature that habeas corpus is the only remedy available under the circumstances alleged in petitioner's complaint, for it states:

"(2) When a person restrained by virtue of a judgment upon a conviction or crime asserts the illegality of his restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, relief shall not be available under ORS 138.510 to 138.680 but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law. As used in this subsection, such other grounds include but are not limited to unlawful revocation of parole or conditional pardon or completed service of the sentence imposed."

Since I am of the opinion that the circuit court sitting in this post-conviction hearing was without jurisdiction to render the judgment which it did, I would reverse the judgment with instructions to dismiss.

O'CONNELL, J., dissenting.

I dissent for the reasons stated in my dissenting opinion in *Shipman v. Gladden,* decided this day.