Submitted on appellant's motion to reenstate appeal
January 29, motion denied February 11, 1970

STATE OF OREGON, *Respondent, v.*
DENNIS MELVIN GOODIN, *Appellant.*

465 P. 2d 487

Jack A. Gardner, Eugene, for the motion.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

BRANCHFIELD, J.

Defendant has moved to reinstate an appeal from a judgment of conviction in a criminal case. The facts are as follows:

The defendant, Dennis Melvin Goodin, was convicted in Lane County of first degree murder and on October 29, 1969, was sentenced to imprisonment for life. On December 30, 1969, he filed in the office of the county clerk of said county a notice of appeal, with proof of service endorsed thereon by the district attorney and by the county clerk. This court, upon motion of the district attorney, dismissed the appeal because it was not filed within 60 days after entry of the judgment.

██ The controlling statute in this case is ORS 138.070, which reads:

"An appeal must be taken within 60 days after the judgment or order appealed from was given or made."

A notice of appeal filed more than 60 days after judgment is a nullity. This court has no jurisdiction over a case unless an appeal is taken in conformity to statutory requirements.

In *Welch v. Gladden*, 253 Or 228, 231, 453 P2d 907 (1969), a post-conviction proceeding, an appeal was taken from the order of the trial court reinstating an appeal in a prior criminal case. The Supreme Court said:

"We concur in the finding of the trial court that because the notice of appeal was not filed within the time limited by ORS 138.070 this court acquired no jurisdiction over the appeal. We have consistently held that the code providing for appeals in criminal cases is complete in itself and must be complied with to confer jurisdiction on this court:

*State v. Jairl,* 229 Or 533, at 539, 368 P2d 323; *State v. Endsley,* 214 Or 537, 331, P2d 338."

■ It may be that compelling reasons exist for reinstatement of this appeal. This court is without jurisdiction to consider such reasons and is without the facilities and procedures for making an evidentiary determination of their verity or cogency. If the interests of justice require that the defendant be permitted an appeal, the post-conviction act provides the means whereby it can be accomplished. *Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969); *Welch v. Gladden,* supra.

Motion denied.