90

Argued May 16, affirmed June 9, petition for rehearing denied
July 25, petition for review denied September 6, 1972

STATE OF OREGON, *Respondent, v.* LINDA LEE
McFARLAND (No. 71-1136), *Appellant,* and
STATE OF OREGON, *Respondent, v.* RONALD
DOUGLAS CHAPPEL (No. 71-1135), *Appellant.*

497 P2d 1243

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellants. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

These cases were consolidated for appeal. After McFarland was found guilty in a jury trial and sentenced, and after Chappel was found guilty in a trial to the court, they filed notices of appeal. Chappel was sentenced after oral arguments had been heard in this court.

The exact circumstances were involved in each case and the only substantive assignment of error in each was that motions to suppress evidence should have been allowed. After hearing arguments we announced from the bench that we were satisfied there was no error, and we affirmed without opinion. This decision remains unchanged, but a question, not raised by counsel on either side, remains in Chappel's case regarding whether we had jurisdiction to hear the appeal before he was sentenced. ORS 138.040 provides

that on the defendant's appeal from a "judgment on a conviction" an intermediate order may be reviewed.

ORS 138.020 provides:

"* * * the defendant may as a matter of right appeal from a judgment in a criminal action * * *."

ORS 138.050 provides:

"A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment * * *."

ORS 138.070 (now ORS 138.071) was amended by Oregon Laws 1971, ch 565, § 21, to provide:

ORS 138.071 (1). "* * * [T]he notice of appeal shall be served and filed at any time after verdict, but not later than 30 days after the judgment * * *."

Before the 1971 amendment the latter statute provided that "[a]n appeal must be taken within 60 days after the judgment * * *." Thus, the 1971 change in the statute allowed the defendant to give his notice of appeal "after verdict" as distinguished from "after the judgment."

■ A sentence is part or all of the judgment of the court. See cases collected in 38A Words and Phrases 352-55, Sentence (1967). *See also State v. Nelson,* 246 Or 321, 424 P2d 223, *cert denied* 389 US 964, 88 S Ct 340, 19 L Ed 2d 379 (1967).

■ The defendant can appeal only from a "judgment" or "judgment on a conviction." ORS 138.020, 138.040, 138.050. If the legislative intent was to provide that appeals may be heard after verdict but before sentence, those statutes as well as ORS 138.071 would

have been amended. If we were to construe the 1971 amendment to mean otherwise, convicted defendants could prosecute separate appeals from verdicts and judgments, with attendant extra expense and wasted judicial time and procedure.

■ In the *Chappel* case the hearing on the appeal, as distinguished from the notice of appeal and filing of briefs, should have awaited the judgment and time for appeal therefrom. However, the record has now been completed with the entry of a judgment sentencing the defendant, and all of the issues except any relating to the sentence have been presented on appeal.

The judgment in *McFarland* is affirmed, and the order from which appeal was taken in *Chappel* is affirmed.