STATE OF NEBRASKA, APPELLANT, v. DANIEL K. ADAMSON, APPELLEE.

STATE OF NEBRASKA, APPELLANT, v. MICHAEL R. CASHON, APPELLEE.

233 N. W. 2d 925

Filed October 23, 1975. Nos. 40124, 40125.

James W. Slavik, for appellant.

Harris W. Snyder, Charles A. Fisher, and Charles F. Fisher, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-

COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCOWN, J.

Daniel K. Adamson pleaded guilty to possession of a controlled substance. On February 12, 1975, the District Court sentenced him to 18 months probation and imposed a $100 fine. Michael R. Cashon pleaded guilty to possession of a controlled substance. On February 12, 1975, he was sentenced to 30 days in the county jail. On March 26, 1975, the District Court, on its own motion, set aside the convictions upon the stated ground that "the state agent acted inappropriately in securing evidence against the defendants * * *." Prior to the entry of the order setting aside the convictions, the sentence of probation imposed upon Adamson had been commenced and he was under the supervision of the probation officer at the time of the entry of the order setting aside his conviction. The defendant Cashon had fully served his 30-day jail sentence as of March 26, 1975. No motions for new trial or post conviction relief were ever filed. The State of Nebraska has appealed and the cases have been consolidated. The sole assignment of error is that the trial court had no authority to set aside the convictions of the defendants.

The defendants contend that the District Court has inherent power and jurisdiction to set aside a criminal judgment at any time during the term of court at which it was pronounced. The State contends that the District Court has no jurisdiction or authority to vacate or set aside its judgment in a criminal case after the defendant has been committed and the sentence is in the process of execution.

It should be noted here that the terms "judgment" or "sentence" in a criminal case are often used interchangeably. In general, however, it may be said that final judgment in a criminal case means sentence and the sentence is the judgment. See, Corey v. United

States, 375 U. S. 169, 84 S. Ct. 298, 11 L. Ed. 2d 229; State v. McFarland, 10 Ore. App. 90, 497 P. 2d 1243; People v. Betillo, 279 N. Y. Supp. 2d 444, 53 Misc. 2d 540.

It is the majority rule, as well as the long-established rule in Nebraska, that in the absence of statute, when a valid sentence has been put into execution by commitment of a prisoner, the District Court has no authority to set aside, modify, amend, or revise the sentence, either during or after the term or session of court at which the sentence was imposed. Any attempt to do so is of no effect and the original sentence remains in force. See, State v. Brewer, 190 Neb. 667, 212 N. W. 2d 90; Housand v. Sigler, 186 Neb. 414, 183 N. W. 2d 493; State v. Carpenter, 186 Neb. 605, 185 N. W. 2d 663; In re Jones, 35 Neb. 499, 53 N. W. 468; Hickman v. Fenton, 120 Neb. 66, 231 N. W. 510.

The District Court, of course, may grant relief where the judgment is void or the court was without jurisdiction. It may also correct a judgment in a criminal case to make it conform to the judgment actually pronounced. Hickman v. Fenton, *supra.*

In holding that the District Court has no power to set aside, modify, or amend a criminal sentence after execution, we have said that the District Court is "without authority," or "has no jurisdiction," or was "without power" to take such action. A realistic appraisal of our cases reflects the view that when a valid sentence has been put into execution, the District Court at that time loses the power to act in that case on its own motion unless specifically authorized by statute. It may also act at the instigation of one of the parties where the request is made under direct or implied statutory authorization.

In the case of the defendant Adamson, sections 29-2263 and 29-2264, R. S. Supp., 1974, authorize the District Court, on its own motion, to discharge an offender from probation at any time and issue an order

releasing him and restoring his civil rights as though a pardon had been issued. Those statutes also authorize an offender, after discharge from probation, to petition the sentencing court to set aside and nullify the conviction, and remove all civil disabilities and disqualifications as though a pardon had been issued. Those statutory provisions, however, do not apply to a jail sentence already served and the procedures used in the cases at bar are not based upon any specific authorization, but rest upon the inherent power of the court.

The order of the District Court setting aside the conviction of the defendant in each case is reversed and vacated, and the conviction in each case is reinstated.

REVERSED AND REMANDED WITH DIRECTIONS
TO REINSTATE THE CONVICTIONS.