On question of jurisdiction raised *sua sponte,* jurisdiction upheld December 19, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS PANICHELLO,
*Appellant.*

(83-11-35475, 83-11-35476, 83-11-35477,
84-02-30833, 84-02-30834, 84-02-30835;
CA A33671 (Control), A33672, A33673,
A33738, A33739, A33740)
(Consolidated Cases)

692 P2d 720

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

These six criminal cases were consolidated for appeal. Because we are obliged to examine our jurisdiction, *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977), and in view of our recent decision in *State v. Green,* 68 Or App 518, 684 P2d 575, *rev den* 297 Or 601 (1984), we consider it necessary to determine whether the notices of appeal are timely filed. We conclude that the notices were timely filed and that we have jurisdiction to hear the appeal.

In each of the cases, judgments of conviction were signed by the trial judge on September 20, 1984, and each judgment was "stamped" as being received by the clerk on September 25. The clerk entered the judgments in the journal on September 27. A notice of appeal from each judgment was filed in this court on October 26, which is the thirtieth day following the day the judgments were entered in the journal.

*State v. Green, supra,* holds that under ORS 138.071(1) the time for appeal commences to run when the judgment or order appealed from is "stamped 'filed' " by the clerk. *Green* would require us to dismiss the present appeal, because the notices of appeal were filed more than 30 days after the judgments were "stamped" on September 25 as received by the clerk.

*State v. Green, supra,* was an appeal by the state from an order suppressing evidence. One of the issues was whether the state's appeal was timely, which required us to determine whether *Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980), a civil case, controls appeals in criminal cases. *Blackledge* reasoned that ORS 19.026(1), which governs civil appeals, requires the notice of appeal to be filed within 30 days from the date of "entry" of the judgment and that "entry" is a different act than "filing." *Blackledge* holds that, in civil appeals, entry in the journal, not filing in the clerk's office, is the act which triggers the running of the time to appeal. 289 Or at 142-43.

The time for filing a criminal appeal is governed by ORS 138.071 which provides:

"(1)   Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed at any

time after verdict, but not later than 30 days after the judgment or order appealed from was given or made.

"(2)   If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

"(a)   The date of entry of the order disposing of the motion; or

"(b)   The date on which the motion is deemed denied, as provided in ORS 136.535.

"(3)   A defendant cross-appealing shall serve and file his notice of cross-appeal within 10 days of the expiration of the time allowed in subsection (1) of this section."

*State v. Green, supra,* after quoting ORS 138.071(1), states:

"It thus does not distinguish between the filing and the entry of the order, but instead uses terms ["given or made"] that have no other procedural referents. ORS 138.071(2)(a) extends the time for an appeal to 30 days after the 'entry' of an order disposing of a new trial motion. *However, 'entry' does not have the clear meaning in the criminal context that it does in the civil, because there is no statutorily required journal in which orders are to be entered.*" 68 Or App at 521. (Emphasis supplied.)

The emphasized language is wrong. Statutes require that a journal be maintained as part of the circuit court records. ORS 7.010(1) provides:

"The records of the circuit and county courts include a register, journal, judgment docket, execution docket, fee register, jury register and final record."

ORS 7.030 specifies the function of the journal.

"The journal is a record wherein the clerk or court administrator shall enter the proceedings of the court during term time, and such proceedings in vacation as the statutes specially direct."

The clerk is directed to enter a judgment of conviction in the journal. ORS 137.170 provides:

"When judgment upon a conviction is given, the clerk shall enter the same in the journal forthwith, stating briefly the crime for which the conviction has been had."

Because *Green* was based in part on our erroneous conclusion

that there is no statutorily required criminal journal in which "entry" of an order or judgment can be made, it is necessary to reexamine ORS 138.071.

We begin our analysis with ORS 138.071(1) and the phrase "given or made." Those words first appeared in the General Laws of Oregon, ch 23, § 229 (Deady 1845-1864), which provided: "An appeal must be taken within one year after the judgment or order appealed from was given or made." Every version of the statute to the present has used the words "given or made," and they are used in the sense that an order or judgment is given or made in favor or against a party. The question is when the order or judgment that is given or made becomes effective for appeal purposes.

■ Generally, orders and judgments signed in chambers are effective when filed with the clerk. ORS 3.070 relates to the powers of a circuit court performing a variety of judicial functions in chambers. It provides that orders and judgments "if signed other than in open court, *other than orders not required to be filed and entered with the clerk before becoming effective,* shall be transmitted by the judge to the clerk * * * *and shall become effective from the date of filing.*" (Emphasis supplied.) The terms "filing" and "entry" are distinct acts with distinct legal significance. *Blackledge v. Harrington, supra,* 289 Or at 142; *Charco, Inc. v. Cohn,* 242 Or 566, 570-71, 411 P2d 264 (1966); *Henson and Henson,* 61 Or App 210, 656 P2d 345 (1982).

In *State v. Delker,* 26 Or App 497, 503, 552 P2d 1313, *rev den* (1976), the defendant moved to dismiss the state's appeal, because it was untimely. The defendant argued that the appeal time began to run when the trial judge orally announced his order, rather than from the time the order was filed with the clerk. We said:

> "The rule is contrary to defendant's contention. In *Charco, Inc. v. Cohn [supra],* our Supreme Court stated that an order is not effective until filed with the clerk. The order not being final and effective until filed, the appeal period should not begin running until that time."

Arguably, *Delker* stands for the proposition that an order or judgment "given or made" becomes effective when filed with the clerk. However, other decisions by the Supreme Court and

this court in criminal cases have used "entry" and "filing" interchangeably.

For example, in *State v. Davis*, 207 Or 525, 531, 296 P2d 240 (1956), the state appealed from an order sustaining a demurrer to the indictment. The defendant contended that the appeal was not timely. Under *former* ORS 138.070 (now ORS 138.071(1)), "an appeal must be taken within 60 days after the judgment or order appealed from was given or made." The court said: "The judgment for the defendant on the demurrer was *filed* on 11 May 1955. The notice of appeal was *filed* on 10 June 1955 and was in ample time." (Emphasis supplied.) However, in *Welch v. Gladden*, 253 Or 228, 232, 453 P2d 907 (1969), the court addressed the issue of the timeliness of the defendant's appeal: "We think the judgment should have allowed defendant 30 days from the *entry* thereof in which to file a notice of appeal from his conviction." (Emphasis supplied.) In *State v. Goodin*, 1 Or App 559, 465 P2d 487 (1970), the court dismissed the defendant's appeal "because it was not filed within 60 days after *entry* of the judgment." (Emphasis supplied.) *State v. McFarland/Chappel*, 10 Or App 90, 93, 497 P2d 1243, *rev den* (1972), discusses *former* ORS 138.170 and speaks in terms of "entry of a judgment."

■ ■    ORS 138.071(2)(a) and (b) were enacted in 1971, when *former* ORS 138.170 was repealed by Or Laws 1971, ch 565, § 20, and replaced by Or Laws 1971, ch 565, § 21, now ORS 138.071. *State v. Green, supra,* called attention to ORS 138.071(2)(a), which refers to extending the time for an appeal after "entry" of an order disposing of a motion for a new trial or in arrest of judgment. The word "entry" never before appeared in any version of any statute governing the time within which a criminal appeal must be taken. *Green* mistakenly concluded that "entry" had no procedural significance, because there is no criminal journal. *Green* was in error in that regard, and "entry" takes on substantial procedural importance. *Blackledge v. Harrington, supra; Charco, Inc. v. Cohn, supra; Henson and Henson, supra.* Under *Green,* the appeal time from a judgment or order, except orders determining motions for new trial or in arrest of judgment, would begin to run from the time the judgment or order is "stamped 'filed.' " However, a notice of appeal from orders under ORS 138.071(2)(a) must be filed within 30 days after the order is *entered* in the journal. Although the criminal code providing

for appeals in criminal cases is complete in itself, *Welch v. Gladden, supra,* 253 Or at 232, we can think of no rationale which can remotely justify this aberration. There must be a clear and objective point in time when the time commences to run for an appeal. Because the 1971 legislature chose to use the term "entry" in ORS 137.071(2)(a), we conclude that it intended that judgments and orders in criminal cases become effective for appeal purposes when they are entered in the journal. We now so hold. Accordingly, to the extent that *State v. Green, supra,* is inconsistent, it is overruled.[1] The notices of appeal in these consolidated cases are timely filed.

Jurisdiction upheld.

---

[1] We note that the appeal in *State v. Green, supra,* was timely under the rule we announce in this case, and that we therefore properly reached the merits in *Green.*