DeVORE, P. J.
*1169 *610 Defendant petitions for reconsideration of this court's order by the Appellate Commissioner that dismissed, as untimely filed, his appeal of a judgment of conviction. He argues that a judgment of post-conviction relief, entered on September 11, 2012, allowed him to file a late appeal of the judgment of conviction and did so without limiting the time in which to file the appeal. We allow reconsideration and, for the reasons we explain, determine that the effect of post-conviction relief (PCR) was to restore the original time in which to file a notice of appeal from the judgment of conviction. We conclude that the statutory 30-day period in which to file a notice of appeal, provided by ORS 138.071(1), had elapsed by the time defendant filed his notice of appeal-nearly five years after the PCR judgment that allowed a late appeal. On reconsideration, we adhere to the Appellate Commissioner's order dismissing defendant's appeal.
The relevant facts are procedural and uncontested. To minimize confusion about parties when describing several proceedings, we refer to defendant throughout this narrative as "defendant" even when he was the petitioner in PCR proceedings. In those proceedings, we refer to the responding party as the superintendent.
In 1997, defendant was convicted of one count of first-degree robbery and two counts of second-degree assault and sentenced to a total of 266 months' imprisonment as well as post-prison supervision and other conditions.
In 2011, defendant filed a petition for post-conviction relief in which he alleged that his attorneys had provided constitutionally inadequate representation in trial-related proceedings and thereafter when failing to file a notice of appeal. Initially, in October 2011, the PCR court entered a judgment granting two forms of relief: ordering a new trial and allowing defendant to file a delayed appeal from the judgment of conviction. Defendant did not then promptly file an appeal from the judgment of conviction. The record does not reflect whether defendant preferred to rely on the relief that ordered a new trial of the criminal case rather than pursue what might have seemed then to be an unnecessary delayed appeal.
*611 On September 11, 2012, the PCR court granted the superintendent's motion to vacate the 2011 PCR judgment and enter a second PCR judgment resolving the trial-related allegations in favor of the superintendent while again granting post-conviction relief for a delayed appeal of the underlying criminal judgment of conviction. The PCR judgment noted that the superintendent had agreed that defendant's attorneys "had missed the filing deadline," so defendant was "entitled to a delayed appeal." Defendant did not then promptly file a notice of appeal from that judgment of conviction.
Instead, defendant appealed from the second PCR judgment, arguing that the PCR court erred in granting the superintendent relief and in vacating the first PCR judgment. On appeal, defendant did not dispute the favorable part of the second PCR judgment that had allowed a delayed appeal from the criminal judgment. This court affirmed that PCR judgment without opinion in April 2015 and issued an appellate judgment in September. Perez v. Premo, 270 Or.App. 599, 351 P.3d 89, rev. den. , 357 Or. 595, 358 P.3d 1001 (2015). However, defendant did not then file a notice of appeal from the judgment of conviction.
Instead, in December 2015, defendant filed in the federal court a petition for a writ of habeas corpus. On June 2, 2017, the federal court stayed its proceedings pending resolution of defendant's delayed appeal from his judgment of criminal conviction-the direct appeal that had not yet been filed.
On August 8, 2017, nearly five years after entry of the second PCR judgment authorizing a late appeal, defendant filed a notice of appeal from his 1997 judgment of conviction. That appeal is this case. Defendant's notice of appeal asserts that it is within the time permitted by law, because the 2012 PCR judgment did not specify a time limit in which to file a delayed appeal.
The Appellate Commissioner dismissed the appeal as untimely, observing that, in the absence of a time limit imposed by statute, the doctrine of laches would foreclose an *1170 appeal delayed by nearly five years after being authorized by the 2012 PCR judgment. Defendant moves for *612 reconsideration, arguing that the doctrine of laches does not apply to post-conviction remedies and that, if laches does apply, it should not apply in this case. In defendant's view, unless the PCR judgment itself imposed a time limit, none applies. The state responds that post-conviction relief serves to put defendant in the same position in which he would have been if trial counsel had not missed the filing deadline and that the court has inherent authority to evaluate the timeliness of an unreasonably long delayed appeal. In the state's view, this appeal has been delayed too long.
On reconsideration, we need not reach the issue of laches. Instead, we construe the second PCR judgment, which allowed a late appeal, within the context of the statutes that govern criminal appeals and post-conviction relief.[1] We review those statutes in turn.
An appeal from a judgment of conviction is governed by ORS 138.071(1), which provides that, "[e]xcept as provided in this section a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register." The exceptions to that time limitation, which involve motions for a new trial, corrected judgments, or supplemental judgments, are inapplicable here. See ORS 138.071(2), (3) (providing 30-day periods for notices of appeals and 10-day periods for notices of cross-appeals). Also inapplicable, ORS 138.071(5) provides that the court may grant a request for leave to file a notice of appeal made within 90 days after a judgment if this court finds, by clear and convincing evidence, that a defendant's failure is not attributable to the defendant personally. Defendant has not relied on that provision here.
A notice of appeal filed later than the time permitted is a "nullity." In State v. Goodin , 1 Or.App. 559, 560, 465 P.2d 487 (1970), we explained, "This court has no jurisdiction over a case unless an appeal is taken in conformity to statutory requirements." See also State v. Christopherson , 159 Or.App. 428, 431-32, 978 P.2d 1039, rev. den. , 329 Or. 126, 994 P.2d 121 (1999) (dismissing for failure to file notice of appeal within 30 days of original judgment). Even if a party does not raise *613 a jurisdictional issue, the court must address it and, when jurisdiction is lacking, dismiss on its own motion. Id .
Defendant's opportunity to file a delayed appeal was twice granted as a form of post-conviction relief. In general terms, ORS 138.520 provides, in part:
"The relief which a court may grant or order under ORS 138.510 to 138.680 [Post-Conviction Hearing Act] shall include release, new trial, modification of sentence, and such other relief as may be proper and just. "
(Emphasis added.) Although the statute does not expressly contemplate relief in the form of a delayed appeal, the provision for "such other relief as may be proper and just" is understood to permit such relief. Shipman v. Gladden , 253 Or. 192, 204, 453 P.2d 921 (1969). By providing an opportunity in which to file a belated notice of appeal, post-conviction relief serves to put the defendant "in the same position as if his counsel had timely filed the original notice of appeal." Id .
Such post-conviction relief-the opportunity to initiate a delayed appeal-is not self-effectuating. The PCR judgment does not serve as a notice of appeal, and the PCR judgment does not itself initiate an appeal. Indeed, in Welch v. Gladden , 253 Or. 228, 232, 453 P.2d 907 (1969), when a PCR court entered a PCR judgment that purported to "reinstate" a previous but untimely appeal from a judgment of conviction, the Supreme Court agreed that a delayed appeal was appropriate but directed that "the [PCR] judgment should have allowed defendant thirty days from the entry thereof in which to file a notice of appeal from his conviction." Accordingly, the remedy of a delayed appeal ordinarily means that a PCR petitioner should be allowed 30 days from the date the PCR judgment is entered in which to file a notice of appeal of the underlying judgment of conviction. See, e.g ., *1171 Daniel v. Cupp , 54 Or.App. 824, 829, 636 P.2d 452 (1981) (describing relief granted by PCR court).
As defendant stresses, the PCR court in this case did not specify a 30-day time limitation. Consequently, defendant argues that the time in which to file his notice of appeal was unlimited. He offers no precedent for such a generous interpretation of his PCR judgment or for a disregard of the *614 governing statutes. And, we find none. Although it is true that a PCR court has broad discretion in affording relief that may include "relief beyond the specific remedies mentioned in the statute," Brock v. Baldwin , 171 Or.App. 188, 196, 14 P.3d 651 (2000), rev. den. , 332 Or. 56, 26 P.3d 150 (2001), the relief that can be granted is constrained by the PCR process, and it occurs within the context of closely related criminal statutes.[2]
Specifically, ORS 138.580 requires that a PCR petitioner shall institute the PCR process with a petition that "shall state clearly the relief desired." In this case, defendant did not seek an unlimited time in which to file a notice of appeal. Indeed, he did not even petition for relief to file a late appeal. Instead, his PCR petition alleged in a host of ways that his trial counsel had been inadequate in matters relating to trial. In addition, he alleged that his trial counsel had failed to notify the Oregon Public Defense Services of his desire to appeal; and he alleged that appellate counsel failed to file a notice of appeal. In stating "clearly the relief desired," ORS 138.580, defendant prayed that the court reverse his conviction, nullify the judgment, expunge his record, and release him. The relief he actually sought was a wholesale reversal of his conviction-not specifically a new trial, nor a delayed appeal. In routine fashion, he asked for "such further relief as [the court] may deem just and proper under the circumstances," but, even then, he did not specifically ask to file a delayed appeal, let alone an unlimited time in which to file a notice of appeal.
Relatedly, ORS 138.640 provides that the PCR court shall enter a judgment "denying the petition or granting the appropriate relief." In addition, "[t]he judgment must clearly state the grounds on which the cause was determined * * *." In this case, the PCR court clearly stated, among its findings, that trial counsel had "missed the filing deadline." The judgment "ordered and adjudged" that petitioner was "entitled to file [a] late appeal." The PCR judgment did not *615 declare that defendant was entitled to an unlimited time in which to appeal.
We conclude that the proper construction of the 2012 PCR judgment is that it restored the time period provided by ORS 138.071(1) in which defendant could file his notice of appeal from the judgment of conviction. The PCR court expressly recognized that it was a deadline that was missed. Within the context of ORS 138.071(1), which provides a 30-day deadline in which to appeal, it was an opportunity to appeal by a deadline that needed to be restored. See, e.g. , Welch , 253 Or. at 232, 453 P.2d 907 (directing that post-conviction relief be afforded as a 30-day period in which to file delayed appeal). By allowing a "delayed appeal," the PCR judgment had that effect. The PCR judgment reinstated the 30-day time period afforded by ORS 138.071(1). By giving defendant the opportunity to file a belated notice of appeal, the PCR judgment put defendant in the same position in which he would have been if the judgment of conviction had just recently been entered so that his counsel could file a notice of appeal. See Welch , 253 Or. at 232, 453 P.2d 907 (restoring defendant to position in which he would have been without the default of trial counsel). That task done, defendant still needed to file a timely notice of appeal.
The PCR judgment need not have said more in order to avoid granting an unlimited time in which to appeal. Where defendant has not sought an unlimited time in which to appeal, we will not construe the judgment to have provided it. Rather, we construe the PCR judgment to draw meaning from the context of the statutes that govern the appeal he was allowed. When granted relief in the form of an opportunity to file a delayed appeal, defendant was then on notice *1172 that ORS 138.071(1) provided a 30-day time in which to appeal. Restoring his right to appeal restored defendant to the same position in which he was upon conviction, and no more. When allowed a delayed appeal, defendant had 30 days from the date of entry of the second PCR judgment in which to file a notice of appeal from the judgment of conviction.
Upon entry of his second PCR judgment, defendant chose to file an appeal only from the PCR judgment. In that *616 appeal, defendant unsuccessfully challenged the decision of the PCR court to set aside the first PCR judgment that had allowed a new trial. Perez v. Premo , 270 Or.App. 599, 351 P.3d 89, rev. den. , 357 Or. 595, 358 P.3d 1001 (2015). At the time he chose to pursue that appeal, defendant could have also chosen to pursue the post-conviction relief that had been allowed. Defendant could have filed a notice of appeal from his judgment of conviction itself within 30 days of the second PCR judgment, but he did not.[3]
Defendant argues that "there was no reason to file the delayed direct appeal until the post-conviction proceedings had reached a final conclusion through the entry of an appellate judgment." There is, however, good reason to have promptly filed the delayed direct appeal. That reason is the requirement to file a timely notice of appeal, ORS 138.071(1). To be sure, by filing the delayed direct appeal at the same time as the appeal from the PCR judgment, defendant might have had to pursue two appeals that asserted alternative arguments with a common goal, but that prospect is not unthinkable. Simultaneous, alternative arguments are common in many cases. Nothing necessitated a sequencing of first the PCR appeal and then the delayed direct appeal. In its import, ORS 138.071(1) proscribes that procedure.
Defendant filed a belated notice of appeal nearly five years after the second judgment granting relief to allow a delayed direct appeal. The notice was not filed within 30 days as required by ORS 138.071(1) for an appeal of a judgment of conviction. As a consequence, this appeal is untimely, and the court lacks appellate jurisdiction.
Reconsideration allowed; previous order adhered to.

We assume, without deciding, that the second judgment is the dispositive judgment for the purpose of the issues raised on appeal.

Our decision in this case does not foreclose, nor endorse, the potential that, in order to remedy a constitutional deprivation, a PCR court could expressly abate, as part of post-conviction relief, the normal time in which to file a delayed appeal, so as to allow a necessary coordination of proceedings. As we explain, however, that was not what happened here.

Conceivably, defendant on appeal could have moved under ORS 19.350 to stay enforcement of the part of the PCR judgment authorizing a delayed appeal in the underlying criminal action pending disposition of the appeal. We note that ORS 138.650(1) provides that, subject to exceptions not applicable here, the "manner of taking the appeal and the scope of review" on appeal "shall be the same as that provided by law for appeals in criminal actions * * *." Also, ORS 138.285, applicable to appeals in criminal actions, authorizes the trial court to stay execution of the sentence in a criminal case, although it does not expressly authorize staying the part of a PCR judgment authorizing a delayed appeal. Alternatively, because PCR cases are considered civil in nature, it may be possible for the petitioner to seek a discretionary stay under ORS 19.350 of the part of a PCR judgment authorizing a delayed appeal pending final resolution of the PCR judgment on appeal.