***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted May 24, reversed and remanded August 3, 2022

MANUEL PEREZ,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
19CV00036; A173659

Lindsay R. Partridge, Judge.

Harrison Latto argued the cause and filed the briefs for appellant.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Petitioner appeals a judgment entered after the trial court denied his petition for post-conviction relief (PCR) on the basis that the ineffectiveness of post-conviction counsel is not a proper basis for post-conviction relief. Because of the unique posture of petitioner's case, however, he could indeed challenge the effectiveness of his prior post-conviction attorney. Accordingly, we reverse and remand.

Petitioner's case has been before us several times. In 1997, petitioner, then a juvenile, was adjudicated of one count of first-degree robbery and two counts of second-degree assault. Fourteen years later, in 2011, he filed a petition for post-conviction relief,[1] and persuaded the PCR court to grant him two forms of relief: a new trial due to trial counsel's ineffectiveness, and a delayed appeal from his judgment of conviction because his attorney had missed the deadline to file such an appeal. However, in 2012, the PCR court vacated its order granting petitioner a new trial. The PCR court did not vacate the relief of a delayed appeal, which was so uncontroversial that it was conceded by the state. It was at that point that things got complicated.

Petitioner timely appealed the 2012 PCR judgment in an effort to obtain the previously granted relief of a new trial, but he did not file a delayed appeal of his original criminal conviction. His appeal of the 2012 PCR judgment was unsuccessful, and the appellate judgment issued in September 2015. *Perez v. Premo*, 270 Or App 599, 351 P3d 89, *rev den*, 357 Or 595 (2015).

In December 2015, petitioner filed a petition for a federal writ of habeas corpus to continue his effort to obtain relief on his trial-related claims. That petition was stayed to allow petitioner to file his delayed appeal. Thus, petitioner filed his delayed appeal nearly five years after entry of the 2012 PCR judgment authorizing it. We dismissed that appeal as untimely. We reasoned that the 2012 PCR

---

[1] Although petitioner's first post-conviction petition was filed many years after his conviction became final, he qualified for the "escape clause" to the two-year statute of limitations. *See* ORS 138.510(3) (providing that a post-conviction petition "must be filed within two years of the [date that the conviction became final], unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition").

judgment had reinstated the 30-day time period afforded to appeal a conviction; thus, petitioner needed to have filed his delayed appeal within 30 days of that PCR judgment. *State v. Perez*, 290 Or App 609, 615, 415 P3d 1168 (2018) (citing ORS 138.071(1)). We observed that the reasoning was specific to petitioner's case because "the PCR court expressly recognized that it was a *deadline* that was missed," and thus it was "the *deadline* that needed to be restored." *Id*. (emphases in original).

Thus, petitioner filed this second PCR petition, claiming that the failure of his 2012 PCR attorney to file the delayed appeal within the newly restored deadline amounted to ineffective assistance of counsel. The superintendent moved for summary judgment on two grounds: (1) that post-conviction relief is limited to claims of ineffective assistance of counsel during the "proceedings resulting in petitioner's conviction," which does not include a PCR proceeding; and (2) that the petition was barred under ORS 138.510 and ORS 138.550 as both untimely and successive, because petitioner's conviction was now 20 years old, and he had already pursued post-conviction relief. At the hearing, the PCR court commented that the superintendent's motion should be granted

> "on the basis that the post-conviction case law is pretty clear that you can't post-conviction your post-conviction counsel. And I don't know what the remedy is at this point if indeed there was a failure of post-conviction counsel to file the necessary documents to effectuate the appeal. But what I do know is that at some point, the Court of Appeals did have the case. There was case—counsel involved at that point and some of these issues, at least the delayed issue—delayed appeal issues, could've attempted to be raised at that point. And if unsuccessful at that point, somehow filing a post-conviction petition earlier would've been a much better argument for Petitioner than it is having raised it at this point."

The court memorialized its decision in a written order granting the superintendent's motion for summary judgment, because "this matter is controlled by the decisional authority which holds that a subsequent post-conviction proceeding may not be brought for purposes of complaining about the performance of prior post-conviction counsel."

Petitioner assigns error to the grant of summary judgment, contending both that his allegations against his PCR attorney state a valid post-conviction claim, and that he qualifies for the statutory escape clause, which would allow his untimely and successive PCR petition. Viewing the evidence in the light most favorable to petitioner as the opposing party, we review a post-conviction court's grant of summary judgment to determine "whether the court correctly concluded that there are no genuine issues of material fact and that the superintendent was entitled to judgment as a matter of law." *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021) (brackets and citation omitted).

On appeal, the superintendent does not defend the PCR court's rationale that "you can't post-conviction your post-conviction attorney," and with good reason. A petitioner typically cannot raise claims against his post-conviction counsel in a separate post-conviction proceeding. *Miller v. Maass*, 117 Or App 610, 612, 845 P2d 933, *rev den*, 316 Or 142 (1993) ("Petitioner cannot use a later post-conviction proceeding to attack the adequacy of his counsel in an earlier post-conviction proceeding."). That is so because the statute only allows challenges to "the proceedings resulting in petitioner's conviction, or in the appellate review thereof," which does not include a PCR proceeding. ORS 138.530 (1)(a); *Hetrick v. Keeney*, 77 Or App 506, 507, 713 P2d 688, *rev den*, 300 Or 722 (1986).

However, this PCR claim stemmed from the fact that petitioner's original criminal defense attorney missed the original deadline to file a notice of appeal from the judgment of conviction. Accordingly, in granting relief, the 2012 PCR court restored petitioner's ability to file an appeal, thus putting him "in the same position in which he would have been if the judgment of conviction had just recently been entered so that his counsel could file a notice of appeal." *Perez*, 290 Or App at 615. Because the entry of that PCR judgment put petitioner in the same position as a defendant who had just been convicted and set the clock running on his time to appeal that conviction, it *was* one of the "proceedings resulting in [his] conviction, or in the appellate review thereof." ORS 138.530(1)(a). Petitioner's 2012 PCR attorney's

failure to file a notice of appeal is thus an appropriate subject for PCR.

Turning to the question of the timeliness of the PCR petition, the superintendent argues that the petition is time-barred, while petitioner argues that he qualifies for the statutory escape clause. ORS 138.510(3). The "escape clause" allows a petitioner "to escape the consequences of an untimely filing if the claims for relief could not reasonably have been raised within the statute of limitations." *Canales-Robles v. Laney*, 314 Or App 413, 418, 498 P3d 343 (2021).

The PCR court granted summary judgment on the basis that petitioner could not challenge the actions of post-conviction counsel in a PCR proceeding. The hearing focused on that issue, although the court did observe that "somehow filing a post-conviction petition earlier would've been a much better argument for Petitioner than it is having raised it at this point." In a written order, the PCR court provided a single reason for granting the motion for summary judgment: "[T]his matter is controlled by the decisional authority which holds that a subsequent post-conviction proceeding may not be brought for purposes of complaining about the performance of prior post-conviction counsel." As we have explained, that conclusion was in error.

The superintendent invites us to conclude that the petition is untimely as a matter of law because petitioner failed to produce sufficient evidence below to show that it was timely. However, the parties' arguments below do not provide an adequate record to make that determination. The superintendent argued that the petition was untimely because it was 20 years late. The superintendent did not identify the appropriate start date of the statute of limitations—the time period following the 2012 PCR judgment—because the superintendent was simultaneously arguing that the actions of petitioner's 2012 PCR counsel could not provide a basis for relief.[2] Petitioner responded that

---

[2] The superintendent did include a footnote questioning why petitioner waited so long after the 2012 PCR judgment to file this petition, but did not assert that that time frame was the relevant time frame, identify when the statute of limitations would have begun, or provide argument or evidence to support it as a basis for relief.

he had qualified for the escape clause in the initial PCR proceeding, produced evidence to support that assertion, and thus argued that the statute of limitations "is much later than what is described by" the superintendent. In reply, the superintendent did not respond substantively to petitioner's assertions or to the new evidence, but rather noted that, "regardless of when petitioner claims to have 'discovered' his injury (to get around the time-bar defense)," post-conviction relief is unavailable against PCR counsel. Argument at the summary judgment hearing focused entirely on the issue of whether inadequate representation by PCR counsel could be the subject of a PCR proceeding, and, as discussed above, that subject formed the basis for the PCR court's decision. On this record, we cannot conclude as a matter of law that the petition was untimely. On remand, the parties will have the opportunity to develop a record as to whether petitioner qualifies for the escape clause for the relevant time period, that is, the time period following the deadline to file a delayed appeal, as granted by the 2012 PCR judgment.

Reversed and remanded.